MARGARET A. CAPLES ET AL. v. T. W. WARD ET AL.

No. 2778. Decided November 3, 1915.

**1.—Execution—Estates in Remainder.**

A vested remainder is such an estate in lands as may be taken and sold under execution, and this though the estate is subject to be defeated by a condition subsequent; but otherwise as to a contingent remainder vesting only on a condition to occur in the future. (P. 345.)

**2.—Vested Remainder—Conditions.**

The test of a vested remainder is the existence of an ascertained person having an immediate right to the possession on its becoming vacant by the termination of the intervening estate. Such estate is not rendered contingent nor prevented from vesting in the remainderman by the existence of a power of disposition in fee in the holder of the estate in possession the exercise of which might defeat the estate of the remainderman. In such case the remainder is vested, subject only to defeat by a condition subsequent. (P. 346.)

**3.—Same—Will—Case Stated.**

A decedent devised his entire estate to his wife for life, with remainder over to his children, with power in the wife to sell, with consent of a majority of the adult or married children. On her death the estate was to be divided equally between his children or their descendants, if dead, such descendants to take the portion their ancestor would if living. Held that the interest of one of such children in the land so bequeathed, the wife, tenant for life, still living, and the property not disposed of by her, was a vested estate in remainder, and subject to levy and sale under execution on a judgment against him. (Pp. 343-348.)

**4.—Estates in Remainder.**

The law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent when it can reasonably be taken as vested. (P. 345.)

**5.—Same.**

A remainder is not made contingent by uncertainty as to the amount of the estate remaining undisposed of at the expiration of the life estate, but by uncertainty as to the persons who are to take. (P. 346.)

**6.—Same—Will.**

A will devising lands to testator's wife for life, with remainder to his children, did not render such remainder a contingent one by a subsequent clause providing that, on the death of a child before the wife, his descendants should take the estate which he would have taken if living. (Pp. 346, 347.)

**7.—Cases Distinguished.**

Thornton v. Zea, 22 Texas Civ. App., 509; Lee v. McFarland, 19 Texas Civ. App., 292; and Chace v. Gregg, 32 S. W., 250, distinguished from this case. (P. 347.)

Error to the Court of Civil Appeals, Eighth District, in an appeal from El Paso County.

Caples and others sued Ward and others, obtaining injunction against sale of land under execution. Upon reversal of this judgment on defendants' appeal, appellees obtained writ of error.

*Stanton & Weeks, W. D. Howe,* and *Fiset, McClendon & Shelley,* for

plaintiffs in error.—The Court of Civil Appeals, in its conclusions of law, erred in the construction of item 7th of the will of Richard Caples, deceased, by holding that under the provisions of said item, when construed with items 4th, 5th and 6th, same created and provided for a vested and not a contingent remainder or mere expectancy in Joseph A. Caples, to the extent of a one-tenth undivided interest in and to the real estate levied on, and that such interest was, therefore, subject to sale under execution issued in favor of the judgment creditor, T. W. Ward, and levied upon said property. Thompson v. Zea, 22 Texas Civ. App., 513, 55 S. W., 512; Lee v. McFarland, 19 Texas Civ. App., 293, 46 S. W., 281; Loeb v. Struck (Ky.), 42 S. W., 501; Morris v. Eddins, 18 Texas Civ. App., 38, 44 S. W., 203; Laval v. Staffel, 64 Texas, 270; Chace v. Gregg, 88 Texas, 552, 31 S. W., 77; McClelland v. McClelland, 37 S. W., 350; Eickle v. Riland, 165 S. W., (Mo. Sup.), 1035; Nichols v. Guthrie, 109 Tenn., 535, 73 S. W., 107; Hale v. Hobson, 167 Mass., 397, 45 N. E., 913.

The Court of Civil Appeals erred in its conclusions of law in construing the will of Richard Caples, deceased, by holding that the 6th item of said will and provisions thereof, conferring a power upon Mrs. Caples to sell, alienate, mortgage, or transfer any of the property of said estate when she deemed it for the best interest of said estate, with the consent of a majority of the children as provided in the will, did not create contingencies and uncertainties which destroyed the claim of the judgment creditor, T. W. Ward, that he had the right and authority in law to acquire an execution lien upon, and subject the interest in expectancy of Joseph A. Caples, to the property of the estate described in the return, by a sale in satisfaction of such execution. O'Neill v. Clymer, 21 Texas Civ. App., 388, 61 S. W., 545; Chace v. York Sav. Bk., 89 Texas, 316.

That the question as to whether or not a title or interest is vested is not controlling in determining whether or not same is subject to execution, is clearly laid down by Chief Justice Stayton in the case of Moser v. Tucker, 87 Texas, 96.

*J. G. McGrady,* for defendants in error.—Joe Caples took such interest under said will as was subject to execution. Ducker v. Burnham, 146 Ill., 9, 34 N. E., 558; Blanchard v. Blanchard (Mass.), 1 Allen, 223; Ray v. Enslin, 2 Mass., 554; Pedigo v. Botts (Ky.), 89 S. W., 164; 24 A. & E. Enc. (2 ed.) 382, 383, 389, 392, 393; Scofield v. Alcott, 120 Ill., 362, 11 N. E., 351; Burleigh v. Clough, 52 N. H., 267, 13 Am. Rep., 23; Heilman v. Heilman, 120 Ind., 59, 28 N. E., 310; Walker v. Pritchard, 121 Ill., 221, 12 N. E., 336; 4 Kent Com. Marg. pp., 203-4; 1 Jarm. Wills (Bigelow, 6 ed.), Marg. p. 377 and notes; Bufford v. Holliman, 10 Texas, 560; Rev. Stats., art. 1106; Belgrade v. Carter, 146 S. W., 964; McLain v. Garrison, 39 Texas Civ. App., 431, 88 S. W., 485; Mercantile Bank v. Ballard, 83 Ky., 481, 4 Am. St., 160; L'Etourman v. Henquenot, 89 Mich., 428, 28 Am.

St., 310; Freeman on Execution, sec. 178; Davis v. Goforth, 1 Lea, 31; Lenz v. Prescott, 144 Mass., 505, 11 N. E., 923; 20 A. & E. Enc., 950; Phillips v. Rogers, 12 Met. (Mass.), 405; Kelly v. Morgan, 3 Yerg., 437; Rusk v. Hill, 121 Ga., 378, 49 S. E., 261.

In case of doubt, the law favors the construction that will make the remainder a vested one, rather than contingent. Bufford v. Holliman, 10 Texas, 560; Ducker v. Burnham, 146 Ill., 9, 34 N. E., 558; Kelly v. Shepard, 139 Ill., 434, 28 N. E., 751; Scofield v. Alcott, 120 Ill., 362, 11 N. E., 351; Eldridge v. Eldridge, 9 Cush. (Mass.), 516; 2 Redfield Marg., p. 248.

The law favors the vesting of an estate at the earliest possible moment. Arnold v. Lumber Co., 123 S. W., 1162, 139 S. W., 917; 24 A. & E. Enc., 389.

The expression in paragraph five ·of the will, after giving his wife a life estate, "with remainder over upon her death" to our five children— relates to the time of enjoyment by the remaindermen, and not to the time of vesting of the remainder. Bufford v. Holliman, 10 Texas, 560; Rev. Stats., art. 1106; Belgrade v. Carter, 146 S. W., 964; McLain v. Garrison, 39 Texas Civ. App., 431, 88 S. W., 485; 24 A. & E. Enc., 392 and note, citing Duffield v. Duffield, 3 Blish, N. S., 331; Heilman v. Heilman, 129 Ind., 59, 28 N. E., 310; Ducker v. Burnham, supra.

A vested remainder is subject to execution, though such remainder is subject to a condition subsequent, the happening of which will defeat the execution purchaser. Ducker v. Burnham, supra; Phillips v. Rogers, 12 Met., 405; Roanes v. Archer, 4 Leigh, 550; Blanchard v. Blanchard, 1 Allen, 223; Mercantile Bank v. Ballard, supra; L'Etourman v. Henquenot, supra.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The appeal prosecuted in the case to the Honorable Court of Civil Appeals was from an order of the District Judge granting a temporary injunction restraining the sale under execution of the interest of Joseph A. Caples in certain real property, a part of the estate of his deceased father, Richard Caples, theretofore levied upon to satisfy a judgment obtained against him by Ward, one of the defendants in error. It is only necessary to determine the question of whether Joseph A. Caples had such an interest in the real property levied upon as was subject to execution. The Honorable Court of Civil Appeals reversed the order of the District Judge and remanded the cause, holding that he had such an interest; and the writ of error was granted on account of probable error in that decision.

The estate of Richard Caples was devised by will, the provisions of the will pertinent to the issue here, being as follows:

"*Fourth.* I give and bequeath to my said wife, Margaret Ann Caples, the sum of One Thousand ($1000.00) Dollars out of my half interest in the community estate of myself and my said wife Margaret

Ann Caples, in trust, however, for the purpose of caring for and keeping in decent order the graves of my father and mother, Thomas and Bridget Caples, in Concordia Cemetery near the City of El Paso in this county, and I direct that the said One Thousand ($1000.00) Dollars be invested or located as in the discretion of the trustee may seem best, and the income therefrom, or so much thereof as may be necessary, devoted to the care of said graves, and should the income therefrom be more than sufficient to properly care for said graves, then such surplus shall be devoted by my trustee to the care of the graves of any other members of my immediate family who may be buried at El Paso or in the vicinity, but should said income be more than sufficient for the purposes aforesaid, then such surplus shall be added to the said One Thousand ($1000.00) Dollars and invested therewith for the purposes aforesaid. I direct that my wife shall designate by will or otherwise one or —— of our children to execute this trust after her death and such child or children in turn so designated shall designate someone to carry out said trust after their decease, but should my said wife or children fail to make such designation or at any time the trusteeship provided for fail, then it is my will that the Mayor of the City of El Paso become the trustee for said fund and discharge said trust."

"*Fifth.* All the rest and residue of my estate, real, personal and mixed, consisting of my half of the community property of myself and my said wife, Margaret Ann Caples, and such separate property, if any, of which I may die seized or possessed, or to which I may be entitled, wheresoever the same may be situated, I give and bequeath to my beloved wife, Margaret Ann Caples, for the term of her natural life, with remainder over upon her death to our five children, Edward Thomas Caples, Joseph Caples, William Caples, Richard Caples, Jr., and Margaret Caples, share and share alike."

"*Sixth.* It is my will and desire that my said property shall be managed by my wife during her life as it has been hitherto controlled by me as nearly as may be. Should my said wife deem it to the best interest of my said estate that any portion of same should be sold, alienated, conveyed, mortgaged or incumbered, it is my will and desire that she with the written consent of the majority of our said children, then living, who are of age or married, shall have full power to sell, alienate, convey, mortgage or incumber such part of same as in her judgment and that of the said majority of said children may seem proper and to the best interest of said estate."

"*Seventh.* It is my desire that upon the death of my said wife and the termination of the life estate in her hereby created, that all of my estate consisting of my half of the community property of myself and my said wife, real and personal of whatsoever character, as well as all separate property of whatsoever character, if any, and wheresoever situated, of which I may die possessed or be entitled to, or which may have accrued to my estate, shall be divided equally between all of my above named five children then living, or their descendants,

share and share alike; that is to say such descendants of any deceased child shall have that portion to which their ancestor, if living, would have been entitled to."

Under the terms of the will the residuary estate of Richard Caples, of which the real estate levied upon to the extent of the interest of Joseph Caples (called in the pleading Joseph A. Caples) is a part, is clearly bequeathed to Margaret A. Caples, the wife of Richard and the mother of Joseph, for life, with remainder over to the five children, by name, including Joseph, share and share alike. Each of the five children was living at the time of the testator's death. Margaret A. Caples is still living, and the life estate in her, therefore, not determined. The real estate levied upon is alleged to be of the market value of $598,500.00, and the value of Joseph Caples' interest—an undivided one-tenth, $59,850.00; Ward's judgment against him with costs, amounting to $3,412.30. The question is whether the remainder created by the will in favor of Joseph Caples is a vested or contingent estate. If a vested remainder, it is subject to execution against Joseph Caples. Freeman on Executions, sec. 178.

A remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate. It is an immediate right of present enjoyment, or a present right of future enjoyment; a fixed interest with only the right of possession postponed until the ending of a particular estate. 4 Kent, 202; Bufford v. Holliman, 10 Texas, 560. To use a common illustration of the books, where there is a grant of an estate to A for life, and, after his death, to B in fee, the remainder is a vested one, since the grant creates a present fixed interest with the right of future enjoyment in B.

According to these established rules, the fifth clause of the will plainly gives Joseph Caples a vested remainder in the residuary part of the estate; for, in terms as positive as those applied to the creation of the life estate, it invests him with a present interest and right to its future enjoyment.

We have, then, only to consider whether the remainder is rendered contingent by the subsequent provisions of the will.

The only provisions which may be regarded as having that force are those embodied in the sixth clause, whereby the life tenant is clothed with the power of sale if exercised with the consent of a majority of the remaindermen; and in the seventh, directing that the descendants of a remainderman shall succeed to his portion of the estate in the event of his death before the termination of the life estate.

The law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it can reasonably be taken as vested. Bufford v. Holliman; Doe v. Considine, 6 Wall. (U. S.), 458.

Whatever the consequence of the grant of property to another generally or indefinitely with the power of disposition, an express limita-

tion of the grant to that of a life estate with such power added, does not raise the estate to a fee. There is merely constituted an estate for life, with the power of disposition annexed. Though the test of a vested remainder is the existence of an ascertained person having an immediate right to the possession on its becoming vacant by the termination of the intervening estate, this does not imply any certainty as to the quantity and value of the remainderman's interest. The remainder is not made contingent by uncertainty as to the amount of the estate remaining undisposed of at the expiration of the life estate, but by uncertainty as to the persons who are to take. Heilman v. Heilman, 129 Ind., 59, 28 N. E., 310. With certainty existing as to the person who is to take, with that person named in the will and in being at the time of the testator's death, and with no condition imposed upon his right to the possession except the expiration of the life estate through the death of the life tenant, as is the case here, the sale of the property by the life tenant could not be said to prevent the vesting of the estate of the remainderman at the death of the testator. The remainder vests, subject to the power of sale in the life tenant.

Whether there will be any of the estate remaining under the exercise of the power, presents a contingency, it is true. But under the will the vesting of the interest of Joseph Caples, and the other remaindermen, is not made dependent upon that contingency. It is not a condition precedent to the vesting of his interest, but only a condition subsequent which may affect the amount of his interest, or defeat its enjoyment. An estate limited upon a contingency, to which the effect of a condition subsequent only is given, vests at once, subject to be divested upon the happening of the contingency. Ducker v. Burnham, 146 Ill., 9, 34 N. E., 558, A. & E. Enc. of Law, 2nd ed., vol. 24, 393. In 4 Kent, 204, it is said: "A limitation, after a power of appointment, as, to the use of A for life, remainder to such use as A shall appoint, and in default of appointment, remainder to B, is a vested remainder, though liable to be divested by the execution of the power." It is held, generally, that a power of sale in the life tenant does not prevent the vesting of the estate of a remainderman. A. & E. Enc. of Law, 2nd ed., vol. 24, 389; Roberts v. Roberts, 102 Md., 131, 111 Am. St., 344, 1 L. R. A. (N. S.), 782, 62 Atl., 161; 5 A. & E. Ann. Cases, 805, and notes; Heilman v. Heilman, 129 Ind., 59, 28 N. E., 310; Ducker v. Burnham, 146 Ill., 9, 34 N. E., 558; Pedigo v. Botts (Ky.), 89 S. W., 164.

The direction in the seventh clause of the will that the descendants of any remainderman dying before the expiration of the life estate should succeed to his share of the residuary estate, should be construed, we think, as intended to prevent the lapsing of the legacies in favor of the remaindermen. It is to be noted that the devise to Joseph Caples, and the other remaindermen, is not made contingent upon his or their surviving the mother. In the fifth clause his and their interests are devised directly. The only contingency which, under the will, will

prevent Joseph Caples from coming into the possession of his interest, is his own death before the expiration of the life estate; and this, it is settled, does not render the remainder contingnt. The remainder is vested, defeasible on a condition subsequent—his death before the expiration of the life estate, his share, in such event, passing to his descendants.

In 2 Redfield on Wills, section 17 (12), it is said:

"It is also settled that where a devise is made to one for life, and afterwards to certain other persons by name, and in the event of any such persons entitled in remainder dying during the continuance of the life estate, leaving issue, to go to such issue, it creates a vested interest in all thus entitled in remainder."

The cases of Blanchard v. Blanchard, 1 Allen, 83 Mass., 223; Gibbens v. Gibbens, 140 Mass., 102, 54 Am. Rep., 453, 3 N. E., 1; Ducker v. Burnham, 146 Ill., 9, 37 Am. St., 135, 34 N. E., 558; Heilman v. Heilman, 129 Ind., 59, 28 N. E., 310, are to like effect.

The authorities relied upon by the plaintiffs in error have been considered; but none of the decisions of the courts of this State is opposed to the holding that under this will Joseph Caples took a vested interest in the residuary estate of his father. In Thornton v. Zea, 22 Texas Civ. App., 509, 55 S. W., 798, for instance, which is cited as holding to the contrary, the residue of the estate of James T. Thornton was by his will given in trust to five of his children, named, to be held by them for the benefit of their children. The trial court held that upon the death of the testator the residue of the estate vested immediately in his grandchildren, the children of the trustees. But three of the testator's children had no children at the time of his death, making it uncertain therefore as to the persons who were to take as remaindermen; and because of this condition, and the further provision of the will, that should any of the testator's children die without issue living, the share held in trust for his or her children should be divided among the children of the survivors in the same proportion as if it had descended by law to the testator's children named, the Court of Civil Appeals held that the trial court was in error in its conclusion.

Lee v. McFarland, 19 Texas Civ. App., 292, 46 S. W., 281, involved the will of Jasper McFarland, whereby he gave a tract of land of 75 acres to his grand-daughter, Gertrude Murphy, providing that in the event of her death without heirs of her body, the tract should be equally divided between Jasper T. and Newton McFarland, his sons. The residue of his estate was devised to his wife for life or until she should marry; and upon the happening of either of such events it was to be divided equally between the two sons, Jasper T. and Newton, or their descendants. The grand-daughter, Gertrude Murphy, died before the testator. The son, Jasper T. McFarland, survived the testator a few months, leaving a surviving wife, but no descendants, no children having ever been born to him. He died, however, before the termination of the life estate in his mother. The suit was by the sur-

viving wife of the son, Jasper T., to recover an undivided one-half of the 75-acre tract and of the other lands comprising the residue of the estate. It was held by the Court of Civil Appeals, as to the 75-acre tract, that inasmuch as the devisee of that tract, Gertrude Murphy, had died before the testator, the title thereto, under the will, became vested in the two sons, then living, and the interest of Jasper T. therein having been devised by his will to his wife, the plaintiff, she was entitled to an undivided half interest in that tract. As to the balance of the property in issue it was held that the plaintiff's claim of title rested entirely upon the will of Jasper McFarland, under which it was provided, as to such balance, that the interest of Jasper T., in the event of his death, should go to his descendants, and not to others; that as he left no descendants, the only class capable under the will of taking his interest upon the death of the life tenant, if he were then dead, the devise to him lapsed, and the plaintiff was accordingly not entitled to recover. This conclusion was obviously correct, since the will was properly construed as having made distinct provision for the disposal of the interest of Jasper T. in the event of his death before the expiration of the life estate, that is, that it should in such event go to his descendants, which, at all events, excluded his wife. The remainder, in other words, was defeated by the happening of a subsequent condition.

In Chace v. Gregg, 88 Texas, 552, 32 S. W., 520, the testator's devise of the residue of his estate was to his son and his wife, equally, with the express condition annexed, that if the wife should die without issue from her body, the property then held by her in virtue of the will should go to the son if living; and if dead, to his nearest heirs. The remainder thus created in the son was held to be contingent, and properly so; because it was provided in the will, as a condition precedent to his having any interest in such estate of the wife, that she should die without issue of her body; and otherwise he was to acquire no such interest.

It is apparent from the allegations of the petition respecting the value of the estate, that the execution of the trust created by the fourth clause of the will for the expenditure of $1000.00 and the income from such amount, for the care of the graves of the testator's parents, will not be affected by the levy upon the interest of Joseph Caples, and its sale under execution.

We accordingly hold that Joseph Caples took under the will a vested remainder in the residuary estate. It is capable of sale under execution, subject to the life estate in Margaret A. Caples, and the exercise by her of all the powers conferred upon her under the sixth clause of the will, and to defeasance by his death before the termination of the life estate. The Honorable Court of Civil Appeals has in our opinion correctly determined the case, and its judgment is affirmed.