**MANKEY et al. v. ADAMS et al. \***

(Circuit Court of Appeals, Fifth Circuit. March 17, 1927.)

No. 4845.

1. Wills ☞694—Property held to descend to heirs at law on failure of life tenant to exercise power of disposition in accordance with will.

A testator left all his property to his wife for life, with direction to dispose of the remainder interest, by her will, "among my children as she may think fit and proper." The widow by her will left the property to others. *Held*, that she took only a life estate, and that, as she did not apportion the remainder as required, it descended to the heirs at law of the original testator.

2. Deeds ☞38(1)—Deeds to unsurveyed lands in Texas held so insufficient in description as to be ineffective against heirs of grantor.

Deeds executed in 1835 and 1837 to parts of a league of land in Texas, owned by grantor, which contained no statement of acreage, *held*

\*Rehearing denied May 23, 1927.

so insufficient in description, the land being unsurveyed and boundaries unmarked, as to be ineffective against the heirs at law of the grantor.

Appeal from the District Court of the United States for the/Eastern District of Texas; W. Lee Estes, Judge.

Action by Bessie R. Adams and others against Vernon H. Mankey and others. From the judgment, defendants appeal. Affirmed.

F. D. Minor and Samuel C. Lipscomb, both of Beaumont, Tex. (Minor & Lipscomb, of Beaumont, Tex., on the brief), for appellants.

J. M. Combs, of Liberty, Tex., and Oswald S. Parker, of Beaumont, Tex. (Smith, Crawford & Sonfield, of Beaumont, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an action in trespass to try title under the Texas practice. It was begun in a state court by some of the appellees, and removed to the District Court by appellants, after which the other appellees intervened. The pleadings are voluminous, but the issues may be briefly stated.

Appellees, asserting ownership as the heirs at law of Claiborne West, a distinguished early settler of Texas, sued to recover the title and possession of some 1,650 acres of land in Orange county, formerly Jefferson county, Tex., part of a league of land granted to him by the Mexican government in 1835; for damages alleged to be $10,000 for use of the land; and for the value of timber cut and removed therefrom, estimated at $50,000.

Appellants pleaded the general issue, and alleged ownership in them by a chain of title beginning with two deeds from Claiborne West, one to Chichester Chaplin, dated October 10, 1835, and one to Abraham Winfree, dated April 25, 1837, to be hereafter more particularly referred to, and by possession of the land under various statutes of limitation. They also interposed equitable defenses of estoppel, laches, and stale demand. In the alternative they set up counterclaims for the recovery of the purchase price under the two deeds above referred to, $500 in each case, with interest; for the recovery of taxes paid on the land amounting to $4,898.91; and for $4,000 for improvements. They further pleaded the statute of limitation as to plaintiff's claim for damages for timber cut and removed.

There was no preliminary ruling by the court on the equitable pleas. The case was tried to a jury, and at the close of the evidence both sides moved for directed verdicts; appellants also requesting certain special charges in the event their motion for verdict was denied. The court maintained the plea of limitation as to two tracts of land, containing respectively 610 and 50 acres, directed a verdict for appellants to that extent, and directed a verdict for appellees for the balance of the land. The verdict was silent as to the claim for damages made by appellees and the counterclaims of appellants. Judgment was entered on the verdict as rendered and also in favor of appellants against certain parties called in warranty, which said last part of the judgment is not before us.

Notwithstanding it was tried to a jury, the case is here by appeal with a statement of the evidence, more or less condensed, but approved by the District Court, in lieu of a bill of exceptions. By virtue of the Act of March 3, 1915 (U. S. C. tit. 28, § 398) and section 10, Act of February 13, 1925 (Comp. St. § 1649b), it is our duty to consider the case regardless of the form in which it is brought up, and to render such judgment on the record as law and justice require. It is therefore unnecessary to consider the errors assigned in detail. The facts shown by the record, so far as material to a decision, will appear in the course of the opinion.

[1] It is admitted that appellees are the heirs of Claiborne West. He died in 1867, testate, and leaving surviving him Florinda West, his third wife, and several children, issue of former marriages. The will, so far as material, is as follows:

"1st. I will and bequeath to my beloved wife Florinda West of said state and county all of the property and effects both real personal and mixed property of which I may die possessed, for and during her natural life.

"2nd. I will and bequeath the remainder interest in all of the property and effects mentioned in the first item of this my will, to my said wife Florinda West, to be by her disposed of by will among my children, as she may think fit and proper."

Florinda West died January 6, 1893, leaving a will by which she disposed of her estate to persons other than her husband's heirs, and not carrying out the provision of his will regarding a disposal of the remainder of his estate. It is contended by appellants that under the will of Claiborne West Florinda West took the entire estate in fee. Many cases have been cited to sustain this contention, but it

would serve no good purpose to attempt to discuss them, except to say we do not consider them controlling. The District Court held that Florinda West took only a life estate, and, as she did not apportion the remainder, it descended to the heirs at law in equal shares. We concur with the District Court in this construction of the will. 21 R. C. L. par. 5, p. 776; 28 R. C. L. par. 202, p. 238; Caples v. Ward, 107 Tex. 341, 179 S. W. 856.

We also agree with the District Court in his holding that appellants have not shown possession sufficient to create title by limitation except as to the land awarded them. There was nothing to go to the jury in this respect.

[2] The deeds to Chaplin and Winfree relied upon by appellants as the origin of their title may be considered together. In neither deed is the acreage intended to be conveyed stated. The description in the Chaplin deed is as follows:

"I, Claibourn West, of the municipality of Liberty, have this day bargained, sold and delivered and by these presents do bargain, sell and deliver a certain tract or parcel of land lying being and situate on the east bank of Cow bayou in the municipality aforesaid and having for limits the following boundaries, to wit:

"Commencing on the east bank of said bayou at the southwest corner of Jas. Jetts league and running down said bayou to the mouth of Cole's creek from thence up said creek, by its meanderings one quarter of a mile from thence in a straight line to where the road to Winfrey's crosses the marsh generally called Cole's Marais, from thence up said marsh to the lower line of said Jetts league and from thence with said line to the place of commencement containing all the land there situated between and within said lines with all its ingresses, egresses, rights and privileges thereunto belonging being part of the league of land which I obtained from the government of this state as appears by the title issued by the commissioner under date of the ——— day of ——— in the year of our Lord one thousand eight hundred and thirty-five."

And in the Winfree deed is this:

"Commencing on Cole's creek, at a point one-quarter of a mile from the mouth of the same and running from thence in a direct line to where the lower road crosses the big marsh, thence in a straight line to the lower or south line of the survey of my league, to a point half way between Strong's corner, and the Wolf point, thence along said line to the conditional line, between Stephen Jett, and Bradley Garner."

The construction of these deeds was primarily for the court, and it is plain that neither of them contains sufficient description of the property to convey title to the indefinite quantities of land intended to be embraced therein. Appellants endeavored to supplement the descriptions by evidence, which was admitted over appellees' objections. It was not shown that the land had been surveyed nor that the original grantees took steps to mark the boundaries. Without passing on the admission of this evidence, it is sufficient to say that it did not make certain the descriptions attempted in the deeds, and there was no occasion to submit it to the jury.

With regard to appellants' counterclaims, which may be considered together, it appears that the improvements were all on the tracts awarded to appellants, which disposes of that item. It was shown that taxes from 1898 to 1922 had been paid by appellants and by one of their authors, Jackson, on the whole property. It was not shown, however, what portion of these taxes should be allocated to the land awarded to appellees, so any legal claim they might have for reimbursement failed for want of sufficient proof. The claim for recovery of the original purchase price paid by Chaplin and Winfree is no doubt based on the warranty contained in the deeds, but, as to this, there is also failure of proof, if the amounts are recoverable at law, as the land attempted to be conveyed by those deeds is not sufficiently identified with the property here in controversy. If we are to regard these items from an equitable viewpoint, it is shown that timber to the value of at least $30,000 had been cut and removed from the land, and also that the acreage awarded appellants was perhaps the most valuable part of the tract, so that appellants are not entitled to any equitable consideration in that respect.

There are other questions raised by appellants, but they are so lacking in merit it is unnecessary to discuss them.

As no error appears in the record, the judgment is affirmed.