

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 10, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-290

Re: Whether interest of
remainderman whose
life expectancy is
less than that of
the life tenant is
subject to inheri-
tance tax.

Dear Mr. Calvert:

We quote the following excerpt from your letter re-
questing the opinion of this office on the above captioned
matter:

"Thomas E. Whatley died testate
a resident of Ellis County, Texas,
on January 17, 1964, and under his
last will and testament, the dece-
dent devised a life estate in his
entire estate to his surviving wife,
Mary Whatley, with remainder to
Alice Harrison, Ruth Dover, Lura
Bates, Mrs. Louis Dover and Miss
Ethel Whatley, all sisters of the
deceased, in equal parts.

"This department when making
distribution of the estate for
inheritance tax purposes did not
calculate any remainder interest
for Mrs. Alice Harrison because
she was 81 years of age and older
than Mrs. Mary Whatley, the sur-
viving spouse who was 75."

You request that we advise you as to whether this
distribution is a correct one.

Mrs. Alice Harrison falls within the provisions of
Article 14.04, Taxation-General, Vernon's Civil Statutes,
which reads, in part, as follows:

> "If passing to or for the use
> of a brother or sister, or a direct
> lineal descendant of a brother or
> sister, of the decedent, the tax
> shall be three per cent on any value
> in excess of Ten Thousand Dollars and
> not exceeding Twenty-five Thousand;
> four per cent on any value in excess
> of Twenty-five Thousand Dollars, and
> not exceeding Fifty Thousand Dollars;
> . . ."

Thereafter the rates increase in stated value brackets reaching a maximum of ten per cent on any value in excess of One Million Dollars.

You have orally advised us that since, according to Actuaries Combined Experience Tables, Mrs. Harrison will not survive the life beneficiary, you have ignored her interest for inheritance tax purposes. This results in distributing the estate for inheritance tax purposes to four sisters, rather than five, with a resulting loss of one of the Ten Thousand Dollar exemptions and an increase in inheritance taxes. This you have done on the theory that if she predeceased the life tenant she would never receive any remainder interest.

The will in question specifically devises and bequeaths to the surviving wife all of the decedent's property of every kind and nature "for her to enjoy the rents and revenues therefrom so long as she lives, . . . That is to say that my said wife, Mary Whatley, is given a life estate or an estate for life in all real and personal property which I may own or be interested in at the time of my death, to be used and enjoyed by her so long as she shall life /sic._7, and at her death, the fee simple title therein shall pass to and vest in fee simple in my sisters share and share alike, or to be divided equally among them, . . ."

Under the provisions of this will, the decedent's sisters, even though they may die before they come into possession of the estates devised and bequeathed to them, have received, under the law, vested remainders. The leading Texas case of Caples v. Ward, 107 Tex. 341, 179 S.W. 856, 857-858 (1915) has given the following definition of vested remainders:

> "A remainder is vested where there
> is a person in being who would have an
> immediate right to the possession upon
> the termination of the intermediate
> estate. It is an immediate right of

> present enjoyment, or a present
> right of future enjoyment, a fixed
> interest, with only the right of
> possession postponed until the end-
> ing of a particular estate. 4 Kent,
> 202; Bufford v. Holliman, 10 Tex.
> 560, 60 Am. Dec. 223. To use a
> common illustration of the books,
> where there is a grant of an estate
> to A. for life, and, after his death,
> to B. in fee, the remainder is a
> vested one, since the grant creates
> a present fixed interest, with the
> right of future enjoyment in B."

Remaindermen having vested interests are regarded as having absolute ownership of their shares, which may be alienated or taken and sold under execution. Estes v. Estes, 267 S.W. 709 (Comm.App. 1924); 22 Tex.Jur.2d 649, Estates, Sec. 6; Caples v. Ward, supra.

Article 14.08, Taxation-General, Vernon's Civil Statutes, reads as follows:

> "If the property passing as afore-
> said shall be divided into two or
> more estates, as an estate for years
> or for life and a remainder, the tax
> shall be levied on each estate or
> interest separately, according to
> the value of the same at the death
> of the decedent. The value of estates
> for years, estates for life, remainders
> and annuities, shall be determined by
> the 'Actuaries Combined Experience
> Tables,' at four per cent compound
> interest."

It is to be noted that the statute above quoted specifically requires a determination of the value of remainder interests according to the Actuaries Combined Experience Tables. Such tables contain the following direc-tions:

> "To find the value of a life estate
> multiply the value of the beneficial
> interest by 4% and this product by the
> factor (present value of $1.00) for the
> given age of the life tenant; the result
> is the value of the life estate. Subtract

> the value of the life estate (as
> ascertained above) from the bene-
> ficial interest, and the amount
> left will be the value of the re-
> mainder estate."

The general rule is that the transfer of life estates
and of ordinary vested remainders is subject to inheritance
tax at the time of the decedent's death.  28 Am.Jur. 166,
Inheritance, Estate and Gift Taxes, Sec. 221, and authorities
cited therein.

We understand that you recognize the applicability
of this general rule but have made an exception for the
reasons previously stated.  However, in view of the fact
that the Texas courts have held that a vested remainder may
be alienated, Estes v. Estes, supra, we cannot say that the
sister in question has not received something of value which
should be ascertained according to the statutory directive.

Our conclusion is in line with the weight of authority.
We quote the following excerpt from 28 Am.Jur. 166, Inheritance,
Estate and Gift Taxes, Sec. 368:

> "When a will creates separate
> interests or estates in the prop-
> erty disposed of, such as a limita-
> tion over after a life estate or
> other precedent interest, the sep-
> arate values of each of the succes-
> sive interests must be ascertained
> for purposes of a succession tax.
> The value of a life estate is com-
> puted by the use of tables prepared
> by actuaries for ascertaining the
> expectancy of life for purposes of
> life insurance, and the value of the
> remainder is the value of the prop-
> erty as a whole over and above the
> value of the life interest.  . . .
> In some states it is held that if
> the life tenant is of feeble or
> unsound health, the mortality tables
> should be disregarded, but it is
> generally held that even if the
> life tenant dies before the value
> of his interest has been determined,
> it is to be valued according to the
> mortality tables, and not according
> to the facts which have actually
> occurred.  . . ."

You are therefore advised that in making distribution for inheritance tax purposes you should calculate the remainder interest of Mrs. Alice Harrison pursuant to the provisions of Article 14.08, Taxation-General, Vernon's Civil Statutes.

## S U M M A R Y

The vested interest of a remainderman whose life expectancy is less than that of the life tenant is subject to inheritance tax.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE,
W. O. Shultz, Chairman

Paul Phy
Robert Smith
Jim Broadhurst
Gordon Houser

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone