Leslie E. JONES, Appellant,

v.

Paul C. WALTER et al., Appellees.

No. 7744.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 20, 1967.

Rehearing Denied Dec. 18, 1967.

Allen & Allen, Perryton, Gibson, Ochsner, Harlan, Kinney & Morris and J. Hadley Edgar, Jr., Amarillo, for appellant.

Gene E. Steed, Perryton, Linn & Helms and Richard N. Countiss, Spearman, for appellees.

DENTON, Chief Justice.

This is a suit to construe the will of H. J. Boisdorf, deceased. The case was tried before the court on stipulated facts. Leslie E. Jones, surviving husband of Helen Jones, brought suit against the Inde-

pendent Executors and Betty Jane Ries and Robert E. Jones, children of Helen W. Jones, to construe the will as it pertains to the estate affecting Helen Jones. From an adverse judgment, Leslie E. Jones has appealed.

The material provisions of the will are:

"*THIRD*: I give, devise and bequeath to my beloved wife, Genevieve G. Boisdorf, all of the property which I may die seized of, community and separate, real, personal or mixed, and wherever situated, with full right and title thereto and to possess each, all and every power to convey, transfer and dispose of said property in any manner desired by her. For purpose of clarification, my estate shall be deemed to consist of one-half (½) of all property held or owned in my name or in the name of my wife, Genevieve G. Boisdorf, or jointly with Genevieve G. Boisdorf.

"*FOURTH*: If the said Genevieve G. Boisdorf be deceased when this will is offered for probate and upon her death, if any property be remaining, it is my will and desire, and I do hereby give, devise and bequeath all of my property, real, personal and mixed, as follows:

(a). To Paul C. Walters, Leona W. Schubert, Helen W. Jones, Katherine W. Lawson, Marie W. Bruner and Gertrude Hoffman Walter (the first 5 named being children of my deceased sister, Anna B. Walter, the said Gertrude Hoffman Walter being the surviving wife of a deceased son of Anna B. Walter) share and share alike, an undivided 5/42nds of my estate, including all real estate and personal property. It is intended that the six devisees and legatees named herein shall, as a group, receive an undivided 5/42nds of my estate.

\*     \*     \*     \*     \*     \*

If any legatee or devisee named in subdivision (a) to (h), inclusive, be deceased, then the bequest or devise shall not lapse, but such interest shall be vested in the heirs of such decedent in accordance with the laws of descent and distribution.

"*FIFTH*: In order to prevent difficulties after my death and after the death of my wife, Genevieve G. Boisdorf, and although I have heretofore provided in this will that if the said Genevieve G. Boisdorf be living, then all of my property shall be vested in her and there shall be no restraint whatever on her free use and disposition of same, it is intended, and I direct that after the death of the said Genevieve G. Boisdorf, then if any property be remaining in the hands of the said Genevieve G. Boisdorf at the time of her death, one-half of such property shall pass to and be thereafter vested in the legatees and devisees hereinbefore listed in sub-section (a) to (h), inclusive, of paragraph 4 hereof. The other one-half of such property so remaining on hand at the time of her death shall go in accordance with the provisions of the separate will of the said Genevieve G. Boisdorf. This provision, however, shall never be construed to interfere in any manner with the free and unhampered right of the said Genevieve G. Boisdorf to handle all of the property of my estate during her lifetime in any manner by her desired."

H. J. Boisdorf died on January 9, 1959 and his will was duly probated. Helen Jones, niece of Mr. Boisdorf, died on November 16, 1959. Her will, leaving substantially all of her estate to her husband, appellant herein, was duly probated. Genevieve Boisdorf, wife of H. J. Boisdorf, died on June 12, 1965. Appellant seeks to obtain the interest which his deceased wife, Helen Jones, acquired under the will of H. J. Boisdorf.

It is appellant's contention the will bequeathed to Helen Jones a vested remainder in an undivided 5/42nds of H. J. Boisdorf's estate, subject to the life estate of Genevieve Boisdorf. It is appellees' posi-

tion the will bequeathed a contingent remainder interest to Helen Jones which would not vest until the death of Genevieve Boisdorf; that since Helen Jones predeceased Mrs. Boisdorf, the share of the estate would not vest in her but pass to her heirs under the last subparagraph of the fourth paragraph of the will. The trial court rendered judgment in conformity with appellees' position.

■ The third paragraph of the will, taken alone, devised a fee simple estate to Genevieve Boisdorf. Article 1291, Vernon's Ann.Civ.St. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412. First National Bank of Corsicana v. DeFoe (Tex.Civ. App.), 384 S.W.2d 926; Young Memorial Home for Aged Women v. Nelms (Tex. Civ.App.), 223 S.W.2d 302 (Ref. N.R.E.). The fourth and fifth paragraphs placed a valid limitation upon the estate devised to Genevieve Boisdorf only as to the property belonging to her at her death. However, as devisee of the fee, Genevieve had complete power of control and disposition of the property during her lifetime. The estate so created has been designated a conditional or defeasible fee. Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876; Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600. The condition imposed was that if Genevieve should die possessed of any of the property devised by the will, such remaining property would then pass to those named in paragraph four of the will.

■ These conditional beneficiaries, under paragraphs four and five, were given no present specific interest in any of the testator's property. They had no future interest except to such portion which remained undisposed of by the testator's wife at her death. Harell v. Hickman (supra); Killough v. Shafer (Tex.Civ.App.), 358 S. W.2d 748 (Ref. N.R.E.); Randall v. Estes (Tex.Civ.App.), 218 S.W.2d 338 (Ref. N. R.E.). The interest of these heirs was contingent and such rights vested at the death of Genevieve and then only as to property she then possessed. Helen Jones,

one of the contingent devisees, predeceased Genevieve Boisdorf. Thus, at the time of Helen's death, she had no vested interest in the estate. At the time of Genevieve's death, the remaining estate became vested in the heirs under the fourth and fifth paragraphs of the will. By the clear and unambiguous language of the last subparagraph of the fourth paragraph and paragraph five the contingent interest of Helen Jones, then deceased, vested in her heirs, Betty Jane Ries and Robert E. Jones upon the death of Genevieve Boisdorf. No interest in the Boisdorf estaate passed under the will of Helen Jones to the appellant herein.

The judgment of the trial court is affirmed.