**Leslie E. JONES, Petitioner,**

v.

**Paul C. WALTER et al., Respondents.**

**No. B–670.**

Supreme Court of Texas.

Dec. 31, 1968.

2.  10 Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed.) 518, § 4888.

Allen & Allen, Jack Allen, Perryton, Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, for petitioner.

Gene E. Steed, Perryton, Linn, Helms & Countiss, Richard N. Countiss, Spearman, for respondents.

GRIFFIN, Justice.

Petitioner Leslie E. Jones brought this suit against Betty Jeanne Ries and Robert E. Jones, his children by his former wife, Helen W. Jones, now deceased, and against Paul C. Walter and G. R. Lemaster, independent executors of the estate of Genevieve G. Boisdorf. The suit is for the declaratory judgment and the construction of the will of H. J. Boisdorf, deceased, to determine the nature of the interest acquired by his niece, Helen W. Jones The case was tried to the trial court upon stipulation of facts. The stipulation shows that H. J. Boisdorf died on January 9, 1959, leaving the will, construction of which is sought in this suit. This will was duly probated.

Helen W. Jones, niece of H. J. Boisdorf, and who is mentioned as a possible beneficiary in Boisdorf's will, died November 19, 1959, and her duly probated will left substantially all of her estate to her husband, Leslie E. Jones, the petitioner herein. Genevieve G. Boisdorf, wife of H. J. Boisdorf, died June 12, 1965.

The trial court rendered judgment construing H. J. Boisdorf's will to vest a contingent remainder interest in Helen W. Jones which did not vest until the death of Genevieve Boisdorf. Helen W. Jones having predeceased Genevieve, the trial court held that the portion of H. J. Boisdorf's estate which Helen would have received passed to and vested in Helen's heirs under the laws of descent and distribution and did not pass under Helen's will. The Court of Civil Appeals affirmed. 423 S.W. 2d 180.

We affirm the judgments of both courts below.

The provisions of H. J. Boisdorf's will material to this litigation are as follows:

"*THIRD*: I give, devise and bequeath to my beloved wife, Genevieve G. Boisdorf, all of the property which I may die seized of, community and separate, real, personal or mixed, and wherever situated, *with full right and title thereto* and to possess each, all and every power to convey, transfer and dispose of said property in any manner desired by her. For purpose of clarification, my estate shall be deemed to consist of one-half (½) of all property held or owned in my name or in the name of my wife, Genevieve G. Boisdorf, or jointly with Genevieve G. Boisdorf.

"*FOURTH*: If the said Genevieve G. Boisdorf be deceased when this will is offered for probate and *upon her death*, if any property be remaining, it is my

will and desire, and I do hereby give, devise and bequeath all of my property, real, personal and mixed, as follows:

"(a) To Paul C. Walters, Leona W. Shubert, Helen W. Jones, Katherine W. Lawson, Marie W. Bruner and Gertrude Hoffman Walter (the first 5 named being children of my deceased sister, Anna B. Walter, the said Gertrude Hoffman Walter being the surviving wife of a deceased son of Anna B. Walter) share and share alike, an undivided 5/42nds of my estate, including all real estate and personal property. It is intended that the six devisees and legatees named herein shall, as a group, receive an undivided 5/42nds of my estate."

[Then follow paragraph (b) through (h), making devises to various persons in varying amounts.]

"If any legatee or devisee named in subdivision (a) to (h), inclusive, be deceased, then the bequest or devise shall not lapse, but such interest shall be vested in the heirs of such decedent in accordance with the laws of descent and distribution.

"*FIFTH:* In order to prevent difficulties after my death and after the death of my wife, Genevieve G. Boisdorf, and although I have heretofore provided in this will that *if the said Genevieve G. Boisdorf be living, then all of my property shall be vested in her* and there shall be no restraint whatever on her free use and disposition of same, it is intended, and I direct that *after the death of the said Genevieve G. Boisdorf,* then if any property be remaining in the hands of the said Genevieve G. Boisdorf at the time of her death, one-half of such property *shall pass to and be thereafter vested* in the legatees and devisees hereinbefore listed in sub-section (a) to (h), inclusive, of paragraph 4 hereof. The other one-half of such property so remaining on hand at the time of her death shall go in accordance with the provisions of the

separate will of the said Genevieve G. Boisdorf. This provision, however, shall never be construed to interfere in any manner with the free and unhampered right of the said Genevieve G. Boisdorf to handle all of the property of my estate during her lifetime in any manner by her desired." (Emphasis added.)

We agree with petitioner that the power of disposition conferred by the will upon Genevieve G. Boisdorf did not prevent the vesting of an estate in Helen W. Jones upon the death of H. J. Boisdorf. Caples v. Ward, 107 Tex. 341, 179 S.W. 856; Reilly v. Huff, Tex.Civ.App., 335 S.W.2d 275 (no writ); Restatement, Property § 157. It is our opinion, however, that the case does not turn upon whether the interest of Helen W. Jones was vested or contingent during her lifetime. The last sentence of Paragraph Fourth of the will reads as follows:

"If any legatee or devisee named in subdivision (a) to (h), inclusive, be deceased, then the bequest or devise shall not lapse, but such interest shall be vested in the heirs of such decedent in accordance with the laws of descent and distribution."

The controlling question is whether this refers only to the death of a legatee or devisee prior to the death of the testator or whether it was also intended to deal with the situation that would arise if a legatee or devisee died after the testator but before the death of Genevieve G. Boisdorf. In determining that question, we must be governed by the intention of the testator as disclosed by the language of the will when read in the light of the circumstances surrounding its execution. Regardless of whether the law would treat the interest of Helen W. Jones as vested or contingent, it is clear from a reading of the will, and particularly the italicized language quoted above, that the testator *thought* that he was giving full title to his wife and that his will would operate *at the time of her death* to pass title to any property then remaining

to the beneficiaries named in Paragraph Fourth.

It should also be noted that Paragraph Fourth deals with the devolution of title in the event either of two contingencies should occur: (1) the death of Genevieve G. Boisdorf before the will was offered for probate; and (2) the death of Genevieve G. Boisdorf after the will was offered for probate. The concluding sentence of the paragraph must be read in this context and in the light of the testator's plainly expressed idea that his widow would have full title during her lifetime and that his will would operate at the time of her death on the title to any property then remaining on hand. When so considered, it is our opinion that the sentence was intended to deal, as the entire paragraph does, with two different contingencies, and to pass title to the heirs in the event any legatee or devisee was deceased: (a) when the will was offered for probate if Genevieve G. Boisdorf was then deceased, or (b) at the death of Genevieve G. Boisdorf if she died after the will was offered for probate.

■ The provision in question thus has the same legal effect as that attributed to Paragraph Seventh of the will in Caples, where it was said that:

"The only contingency which, under the will, will prevent Joseph Caples from coming into the possession of his interest is his own death before the expiration of the life estate; and this, it is settled, does not render the remainder contingent. The remainder is vested, defeasible on a condition subsequent, his death before the expiration of the life estate, his share, in such event, passing to his descendants."

Helen W. Jones had a vested remainder subject to complete defeasance either by the exercise of the power of disposition or in the event of her death prior to that of Mrs. Boisdorf. The latter contingency having occurred, the interest that Helen W. Jones would otherwise have been entitled to receive passed not by her will but to her heirs under the will of H. J. Boisdorf.

The judgment of the Court of Civil Appeals is affirmed.

Dissenting opinion by HAMILTON, J., in which SMITH, J., joins.

REAVLEY, J., not sitting.

HAMILTON, Justice (dissenting).

I concur with the Court's finding that Helen Jones' interest vested upon the testator's death; I respectfully dissent from the Court's construction of the second paragraph in Part Four of the will as being a limitation upon the unqualified devise to Helen Jones in the first paragraph of Part Four of the will.

In effect as the Court holds, Helen Jones received under the testator's will a vested remainder subject to complete defeasance. However, the second paragraph of Part Four of the testator's will, quoted following, should not be construed to determine the heirs at the time of the life tenant's death:

"If any legatee or devisee named in subdivisions (a) to (h), inclusive, be deceased, then the bequest or devise shall not lapse, but such interest shall be vested in the heirs of such descendant in accordance with the laws of descent and distribution."

This clause should rather be construed as simply to prevent the lapse of a bequest to any said legatee or devisee who might pre-decease the testator. In fact this paragraph itself states its own purpose, that the "bequest or devise shall not lapse * * *." This is necessary as the named remaindermen are not descendants, but collateral heirs, and if deceased at the time of the testator's death are not protected by the anti-lapse statute, Vernon's Tex.Prob.Ann. § 68 (1955). This lapse is no longer a

danger after the death of the testator, as the right to take upon the life tenant's death has vested with the testator's death. The preface "If any legatee or devisee * * * be deceased" therefore must refer to the instance of time at the testator's death to be functional. In summary, if this paragraph had not been included in the will at all, the bequest to Helen Jones would have lapsed if she had predeceased the testator. But if Helen Jones had died after the testator, and before the life tenant, there would have been no lapse. Since the paragraph by its own terms is to prevent lapse, it seems sensible to say it applies only where that end is necessary, that is, before the death of the testator.

I further do not agree with the Court's statement that the testator thought he was granting his wife, Genevieve, a full title. It is more likely he knew he was not granting her a full title or a fee simple title, as shown by his carefulness in making it plain that the remaindermen were not to interfere with the management or disposition of the estate during her life. He specifically mentions this desire to protect his wife three times in the will, concluding Part Five of the will with the sentence:

> "This provision, however, shall never be construed to interfere in any manner with the free and unhampered right of the said Genevieve G. Boisdorf to handle all of the property of my estate *during her lifetime* in any manner by her desired." [Emphasis ours.]

The Court bases its construction upon an interpretation by this Court of a paragraph explicitly operating "upon the death of" the life tenant in Caples v. Ward, 107 Tex. 341, 179 S.W. 856 (1915). There the Court declared the wife to have an estate for life, with the power of disposition annexed, and the remainderman's estate to be vested subject to this power of disposition and defeasance upon death before the life tenant. The here relevant provision of the *Caples* will read:

> "Seventh. It is my desire that upon the death of my said wife and the termination of the life estate in her hereby created, that all of my estate * * * shall be divided equally between all of my above-named five children then living, or their descendants, share and share alike; that is to say such descendants of any deceased child shall have that portion to which their ancestor, if living, would have been entitled to." 179 S.W. 856, 857.

As this Court then stated, this provision operated to create a vested remainder, " * * * defeasible on a condition subsequent, [the child's] death before the expiration of the life estate, his share, in such event, passing to his descendants." 179 S.W. 856, 858. There is simply no such provision in the will to be construed in the case at bar; even taking the second paragraph of Part Four as ambiguous in operation, the construction against limitation is to be preferred. Mayfield v. Russell, 297 S.W. 915 (Tex.Civ.App.—Waco 1927, writ ref'd). Page, On Wills, Vol. 3, Sec. 1279 (1941) lays down the proper rule of construction:

> "As between two reasonable constructions of a will, that which makes a gift absolute rather than conditional, will be preferred * * * conditions which tend to defeat estates are construed strictly * * * [supra, Sec. 1280]."

The second paragraph of Part Four makes no mention of events at the time of the life tenant's death whatsoever, and should be applied only to those legatees not living at the time of the testator's death. Under this interpretation there is no defeasance because of death before the life tenant's death; the only defeasible condition after the testator's death is the possible exhaustion of the estate by the life tenant.

I would construe the testator's will as vesting in Helen Jones a remainder interest upon the death of the testator, and the second paragraph of Part Four as only oper-

ating to prevent lapse at the time of the testator's death.

With such an interpretation, the judgments of the trial court and the Court of Civil Appeals should be reversed, and judgment rendered for the petitioner.

SMITH, J., joins in this dissent.