BEN HASSELL ET AL. v. MAUDE LUCILLE FREY ET VIR.

No. 7208.   Decided June 8, 1938.
(117 S. W., 2d Series, 413.)

*H. O. Norwood* and *Mayo W. Neyland,* both of Greenville, for plaintiff in error.

When a person takes an estate of freehold legally or equitably under a deed, will or other writing, and in the same instrument there is a limitation by way of remainder of an interest of the same quality to his heirs or the heirs of his body, the limitation to the heirs entitles the ancestor to the whole estate, and where, unless the intent of the testator is otherwise disclosed, a person takes an estate under a deed or other instrument, and in the same instance there is a limitation by way of remainder of an interest to the heirs of the testator, or some other person other than the heirs of the first taker, the rule in Shelley's case has no application. McMurry v. Stanley, 69 Texas 227; Hunting v. Jones, 215 S. W. 959; 24 R. C. L. 887; 69 C. J. 219.

*Thos. W. Thompson,* of Greenville, for defendants in error.

Mr. Justice Sharp delivered the opinion of the Court.

Ben Hassell and others brought this suit against Maude Lucille Frey and husband in trespass to try title and for the construction of the will of H. M. Hassell, deceased, and the codicils thereto. The case was tried by the court, and judgment was rendered in favor of Maude Lucille Frey for the interest owned in the property by Mrs. R. C. Hassell, which was an undivided one-half interest therein. Judgment was also rendered that after the payment of $5 each to Maude Lucille Frey and Mrs. W. E. (Hallie) Brooks, the remainder of the one-half interest owned by H. M. Hassell should vest in plaintiffs in certain proportions as stated in the decree. The Court of Civil Appeals at El Paso held that the rule in Shelley's Case controlled in the construction of the will of H. M. Hassell, and that Maude Lucille Frey was not only entitled to recover the one-half interest in the property owned by Mrs. R. C. Hassell, but was also entitled

to recover the interest in the property owned by H. M. Hassell, in the possession of Mrs. R. C. Hassell at the time of her death. 97 S. W. (2d) 970. A writ of error was granted to review the judgment of the Court of Civil Appeals.

The parties will be designated plaintiffs and defendants, as they were in the trial court.

The principal question presented here is that the Court of Civil Appeals erred in holding that the rule in Shelley's Case controlled in the construction of the will of H. M. Hassell, and in rendering judgment as above stated.

It is alleged that on January 19, 1917, H. M. Hassell and wife, Mrs. R. C. Hassell, agreed that reciprocal wills should be made, the husband to will to the wife a life estate in the community property as well as in the separate property owned by him, and the wife to will to the husband all the community property owned by her, she not owning any separate property for life; and that at their respective deaths all of the property should pass to the blood kin of H. M. Hassell, and that the adopted heir, Maude Lucille Bean (who is now Maude Lucille Frey) should receive as her share of the respective estates the sum of $5. It is alleged that Mrs. R. C. Hassell recognized such agreement up to the time of her death; that H. M. Hassell died testate on April 10, 1934, and after the death of her husband Mrs. R. C. Hassell probated his will and elected to accept under it.

We copy below the pertinent parts of the will and the codicils. After reciting that the testator should be given a Christian burial, and that his just debts should be paid, the will continues as follows:

"3rd. I give, bequeath and devise to my adopted daughter, Maude Lucille Bean, the sum of Five Dollars to be paid at my death by my executor to be hereafter named.

"4th. I give, bequeath and devise to my wife R. C. Hassell all land and real property I may own and be possessed of at the time of my death of whatever kind and nature it may be, and wherever it may be situated. And I also give, bequeath and devise to my said wife R. C. Hassell all personal property of whatever kind and nature I may own and be possessed of at the time of my death, all of said property, both real and personal, to be used, owned, enjoyed and controlled by her fully and completely during her life time, and at her death to be disposed of in accordance with the future provisions of this will.

"5th. After the death of my said wife R. C. Hassell, it is my will and desire, and I hereby direct that all property of any

and all kinds, real and personal, bequeathed by me to her in this will, and remaining in her possession and under her control at the time of her death, shall immediately vest in and become the property of such of my heirs at law as are living at that time said property to be distributed among, and used and enjoyed by them as they may direct and desire.

"6th. To assist in the fair and proper disposition of the property referred to in items No. 5 of this will, and assisting in carrying out my wishes and desires as expressed in said item No. 5, I hereby state that at the time of my marriage to my wife R. C. Hassell I owned and possessed in my name property of the value of about $5000.00, which said property was my separate and individual property. I also hereby state that at the time of the execution of this will by me my estate including property of all kinds both separate and community property is worth about $14,000.00."

Then follows the appointment of his wife as sole executrix of his will.

The first codicil recites that his wife's physical condition precludes her from performing the duties as executrix, and in order to relieve his wife of such duties he appoints J. C. Thompson and B. R. Brown as executors. In the second, and last, codicil, which was executed April 10, 1934, we find the following language:

"Whereas, I here and now designate that Mrs. W. E. (Hallie) Brooks, daughter of James Madison Hassell, be given five and no/100 ($5.00) Dollars as her interest in my estate and this to be paid as and when the entire estate is settled and after the death of both me and my wife, namely: R. C. (Callie) Hassell.

"In all other respects I hereby ratify and confirm my said last will."

The trial court in rendering judgment made certain findings. After stating the character of the suit, the court found that at the time of filing the suit H. M. Hassell and wife owned the property in controversy. It was also found: (1) That on August 17, 1909, H. M. Hassell and wife adopted as their legal heir, as required by law, Maude Lucille Frey (nee Maude Lucille Bean), and at the time of their deaths she was their legally adopted heir; (2) that prior to the deaths of H. M. Hassell and wife their parents had died, and that no child or children were ever born to H. M. Hassell and his wife; (3) that with the exception of Maude Lucille Frey and Mrs. W. E. (Hallie) Brooks, plaintiffs in this case were the sole surviving heirs at law of H. M. Hassell; and (4) that the property involved here

is the community property of H. M. Hassell and wife. We copy verbatim the following findings:

"7. In construing the will, and the codicils thereto attached, of H. M. Hassell, the Court finds that by said instrument the said H. M. Hassell intended that his wife, R. C. Hassell, take an estate for life in all of his property, and that after the termination of said life estate so devised and bequeathed by the said H. M. Hassell to his said wife, R. C. Hassell, the said testator intended that upon the death of his said wife, R. C. Hassell, the remainder of his said estate, not disposed of during the lifetime of the said R. C. Hassell, should immediately vest in and become the property of his blood relatives, who are the persons mentioned in Paragraph No. 5 hereof; and plaintiffs herein.

"8. That on April 10, 1934, Mrs. R. C. Hassell did not have sufficient mental capacity to enter into an agreement with H. M. Hassell with respect to the disposition of her property; that on said date the said R. C. Hassell did not have sufficient mental capacity to know and understand the extent of her property nor to fully understand the business in which she was engaged, or the objects of her bounties.

"9. That after the death of H. M. Hassell, Mrs. R. C. Hassell did not have sufficient mental capacity to know and understand her property rights or to do or perform acts which would constitute the exercise of an 'election' under the will of her deceased husband, H. M. Hassell.

"10. The court finds that after the death of H. M. Hassell the said R. C. Hassell (by reason of her lack of sufficient mental capacity to know and understand her property rights or to do or perform acts which would constitute the exercise of an 'election' under the will of her deceased husband, H. M. Hassell) did no act or acts which would estop the defendant, Maude Lucille Frey from asserting her rights to the property of the said Mrs. R. C. Hassell."

1  The primary rule governing the construction of wills is to ascertain the intention of the testator. This intention should be, if possible, gathered from the instrument itself. In applying this rule it is well to keep in mind that a more liberal rule prevails in construing wills than in construing deeds. The reason for this distinction rests on the ground that a testator may not have had the same opportunity of legal advice in drawing a will as he would have had in executing a deed. Calvery v. Calvery, 122 Texas 204, 55 S. W. (2d) 527; 4 Kent. Com., 216; Andrews v. Spurlin, 35 Ind. 262; Williams, Real Property (5th Ed.), 212; Brockschmidt v. Archer, 64 Ohio St. 502, 60 N. E. 623. For an

exhaustive annotation of authorities on this point, see 29 L. R. A. (N. S.) 1038.

2   In this instance Hassell gave his wife an estate for life in the property described in the will, and gave the remainder thereof to his heirs at law. In view of the results reached herein, it becomes immaterial whether Mrs. R. C. Hassell took a life estate or an estate for life in the estate of her husband. In this State the rule in Shelley's Case is given a strict construction, and the rule is applied only when the facts bring a case under the strict letter of the rule. Wallace et al. v. First National Bank of Paris, 120 Texas 92, 35 S. W. (2d) 1036; Federal Land Bank of Houston v. Little, 107 S. W. (2d) 374. The rule in Shelley's Case does not apply where a testator in his will gives an estate for life to one party and the remainder to the testator's heirs. In order for the rule to apply, the remainder must be given to the heirs of the first taker,—that is, the party taking the life estate. Federal Land Bank of Houston v. Little, supra; 24 R. C. L., pp. 893, 894, Sec. 5, Note; 29 L. R. A. (N. S.), pp. 963, 1016, 1017; see also Lord Coke's and Chancellor Kent's statements of the rule in Shelley's Case as quoted in Wallace v. First National Bank, 120 Texas 92, 97, 35 S. W. (2d) 1036; Hancock v. Butler, 21 Texas 804, 808; Seay v. Cockrell, 102 Texas 280, 286, 115 S. W. 1160; 3 Bouvier's Law Dictionary (Rawle's 3d Revision), p. 3057.

3   In order to ascertain the intention of the testator expressed in a will, the language used therein may be construed in connection with the surrounding facts and circumstances existing at the time the will was made. If necessary, parol testimony may be heard to gather the true intention of the testator expressed in such will; and such intention, if legal, must prevail. Wallace et al. v. First National Bank of Paris, 120 Texas 92, 35 S. W. (2d) 1036; Federal Land Bank of Houston v. Little, 107 S. W. (2d) 374.

H. M. Hassell and wife had no children. The plaintiffs are nieces and nephews of H. M. Hassell, and the testimony shows that they were kind to and thoughtful of him in his last years. The testimony also shows that Maude Lucille Frey was adopted in 1909, and that she left the home of Hassell soon after her adoption; and, so far as the evidence discloses, she never afterwards exhibited any concern for him or for his wife.

In 1917 the original will was made; and the codicils were subsequently added thereto. In making the will and the codicils the testator had in mind certain main objects, to-wit: (1) To give the adopted daughter and Mrs. W. E. (Hallie) Brooks $5

each as their share of his estate; (2) to bequeath to his wife for life his entire estate; and (3) at her death such property remaining in her possession to become the property of his heirs at law.

Construing the will and the codicils as a whole, in connection with the surrounding circumstances, it is plain that H. M. Hassell did not use the term "heirs at law" in a strict or technical sense. The testator by the language used in the will and in the codicils intended that Maude Lucille Frey and Mrs. W. E. (Hallie) Brooks should each receive the sum of $5 out of his estate; and when he provided that at the death of his wife his estate should pass to his heirs at law, he intended that his blood relatives, who in this instance are his nieces and nephews, should then receive the remainder of his estate in the possession of his wife. The courts of this State are liberal in construing the words "heir" and "heirs," or other similar terms, in order to carry out the intention of the testator. For an exhaustive discussion of this question we refer to the recent case of Federal Land Bank of Houston v. Little, 130 Texas 173, 107 S. W. (2d) 374.

Plaintiffs contend that they are entitled to the entire estate of H. M. Hassell by reason of an agreement made between H. M. Hassell and wife, wherein she agreed that if he would execute a codicil restricting his niece, Mrs. W. E. (Hallie) Brooks, to $5 as her part of his estate under the original will, she would execute a will bequeathing all the property to her husband, so that it would at his death pass to his blood relatives; and H. M. Hassell having carried into effect his part of the agreement, after his death his wife and adopted daughter were estopped from denying such agreement.

The trial court found that Mrs. R. C. Hassell on April 10, 1934, the date when the second codicil was made by H. M. Hassell, did not have sufficient mental capacity to enter into an agreement with H. M. Hassell with respect to the disposition of her property, and that she did not fully understand the business in which she was engaged or the objects of her bounties. The trial court also held that, Mrs. R. C. Hassell having died intestate, the adopted daughter, Maude Lucille Frey, inherited her part of the estate. The Court of Civil Appeals upheld the judgment of the trial court in this respect.

In view of the actions of the trial court and the Court of Civil Appeals, we cannot say, as a matter of law, that there is no evidence to sustain that part of the judgment of the trial court refusing to enforce the alleged contract between H. M.

Hassell and his wife. However, the Court of Civil Appeals erred in holding that the rule in Shelley's Case applied in the construction of the will of H. M. Hassell, and in rendering judgment as it did.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered June 8, 1938.