Orrin H. Bonney, of Houston, for appellant.

Paul Strong, of Houston, for appellees.

Brian S. Odem, U. S. Dist. Atty., and Joseph W. Cash, Asst. U. S. Dist Atty., both of Houston, for Office of Alien Property.

## O'PRY v. BAHR et al.

### No. 11967.

Court of Civil Appeals of Texas. Galveston.

April 8, 1948.

GRAVES, Justice.

This is a will-construction cause. The testator was F. A. Lichter, deceased, who made the will involved, and who, at his death, left surviving him only his wife, Mrs. Mary A. Lichter, they having had no children.

The testator, F. A. Lichter, died in 1934, leaving this will, and his wife, Mary A. Lichter, died, intestate, 11 years later, in 1945. The appellant, Mrs. Irma O'Pry, was the daughter of Mrs. Lichter, by a prior marriage of her mother's to that with Mr. Lichter, hence she was Mr. Lichter's stepdaughter only. She quali-

472

fied as administratrix of her mother's estate, and filed this suit, in that capacity, to have the will of her stepfather construed, contending that he intended by it to designate his surviving wife, her mother, as his "heir" thereunder.

The appellees, on the other hand, are the brothers and sisters, and their descendants, of the testator, all of whom resided in Germany, and, although they had been first cited by publication in this proceeding so instituted, they all later intervened and appeared through counsel herein, and now constitute the appellees in this Court.

So much for the parties. The appellant, in her litigating capacity as administratrix, represented her mother's estate upon the one hand, whereas the appellees, in the aggregate, were conceded to have been, although residents of Germany, the sole heirs at law under the Texas Statutes, of the testator, who himself was likewise shown to have been born and reared to manhood in Germany but thereafter to have become a naturalized citizen and resident in the United States, and to have acquired in Texas the properties and estate forming the subject matter of this suit.

The testator himself was undisputedly shown to have remained childless throughout his life, and to have died two days after making the will here at issue, having then individually had neither ascendants nor descendants. The will was prepared at the testator's bedside in longhand, by the late R. W. Houk, an experienced attorney, and author of the lawbook "Houk On Written Instruments", and was as follows, to wit:

"State of Texas
"County of Harris.

"I, F. A. Lichter being of sound mind and memory do make this my last will and testament, revoking all previous wills made by me.

"1st I desire that all my just debts be paid.

"2nd I appoint my friend Fred Bahr of Harris County Texas my executor of this will and hereby convey to him my property to hold in trust for the purposes hereinafter expressed, and request that no bond be required of him, and no proceeding had in the probate court other than the probate of this will and filing of an inventory of my property, appraisement and list of claims.

"3rd I direct that my executor pay to my wife Mary Lichter out of the proceeds of my estate $50.00 each month as long as she shall live. I direct that my personal effects other than money be given to her at once.

"4th On my wife's death I direct that any property remaining be given to my heirs.
                "(Signed)   F. A. Lichter

"Witness my signature at Houston, Texas this 3rd day of June A.D. 1934. Signed in the presence of Mrs. W. T. Barry and R. W. Houk who signed the same at my request and in my presence and in the presence of each other.
"Witnesses
"(Signed)   Mrs. W. T. Barry
"(Signed)   R. W. Houk"

Combating appellant's stated contention, the appellees contended that the testator did not intend to designate his wife Mary as the beneficiary of his residuary-estate, under the copied fourth paragraph of his will, but instead, did intend to designate themselves—that is, his brothers and sisters and their descendants, by so using the words "my heirs" in that paragraph.

In this Court, while there are a number of Points presented on each side, both, in substance, throughout their briefs and arguments, concede that the controlling question of law presented here is whether or not, by such phrase, "my heirs", the testator meant his wife, or his own bloodkin in Germany.

The trial court agreed with the appellees, and adjudicated the property to them, supporting its decree by findings-of-fact and conclusions-of-law.

That judgment is affirmed by this Court, on the conclusion of law that, in the stated surrounding-circumstances attending its execution, the testator must be held, under well-settled rules of testamentary construction, to have intended to first

provide for his wife in other ways throughout her life, which it is self-evident in the instrument he had done, and then to designate his own kin in Germany, who were his heirs-at-law under our Texas Statutes, as the beneficiaries of his residuary-estate, "on her death".

No extended discussion is here deemed needful, since the rules-of-law applicable have all been authoritatively laid down, and all the material facts found in this instance by the court were sufficiently supported.

These authorities, a number of them from Texas, are thought to support this holding: 157 American Law Reports 383; Burney v. Burney, 145 Tex. 311, 197 S. W.2d 334, pts. 1 & 2; In re Combs Estate, 117 Neb. 257, 220 N.W. 269, pt. 3; Farrell v. Cogley, Tex.Civ.App., 146 S.W. 315 writ refused; Federal Land Bank v. Little, 130 Tex. 173, 107 S.W.2d 374; Miller v. Metcalf, 77 Conn. 176, 58 A. 743; Peet v. Commerce Railway Co., 70 Tex. 522, 8 S.W. 203; In Re Anderson's Estate, 148 Minn. 44, 180 N.W. 1019; In Re Barnard's Estate, 351 Pa. 313, 41 A. 2d 578; In Re Fahnestock, 384 Ill. 26, 50 N.E.2d 733; In Re Kretchmer, Ind.Sup., 69 N.E.2d 598; Simmons v. O'Connor, Tex.Civ.App., 149 S.W.2d 1107; 44 Tex. Jur., 796, Para. 227.

Indeed, no doubt is left in the mind of this Court as to the correctness of such construction of this will, when the principles determined by the Texas Supreme Court in Peet v. Commerce Ry. Co., 70 Tex. 522, 8 S.W. 203, are applied thereto.

The rule there laid down is thus restated in 44 Tex.Jur., Page 796, Par. 227, the underscoring having been added here:

"The words, 'legal heirs,' if not otherwise controlled by the will, do not include the widower of a deceased wife; certainly no other construction is permissible where the estate devised to the heirs is only a remainder to be enjoyed by them after the widower's death. Nor do such words include the widow of a deceased husband, it having been held that where the testator bequeathed the residue of his estate to his brother and, on the latter's death, to the 'legal heirs' of the testator, the widow's brother was not entitled to take under the will."

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.