**Ruth DAVIS, Appellant,**

**v.**

**Oletta Maydelle Davis CORABI et al., Appellees.**

**No. 11550.**

Court of Civil Appeals of Texas.

Austin.

Nov. 22, 1967.

Rehearing Denied Dec. 13, 1967.

Max P. Flusche, Jr., R. B. Thrasher, Austin, for appellant.

McClain & Stump, W. R. Stump, Joe B. McMaster, Georgetown, for appellees.

PHILLIPS, Chief Justice.

This is a suit for declaratory judgment tried before the court without a jury to construe the will of Mrs. Crotis Davis, deceased. The plaintiff below, and the appellant here, alleged that she, as surviving widow of the life tenant, son of Mrs. Crotis Davis, was an heir under the terms of the abovementioned will and entitled to an interest in certain lands owned by Mrs. Davis. The defendants below and the appellees here, are children of the life tenant son of Mrs. Davis, and assignees of said children.

The principal question before the Court is the meaning of the words "heirs at law" as used in Mrs. Davis' will. Appellant contends that these words include her as the surviving wife of the life tenant, son of Mrs. Crotis Davis, while appellees contend that these words as used in the will were intended to mean "children."

The trial court found for appellees with respect to the meaning of the words "heirs at law" in this particular will and also rendered judgment in support of appellees' pleading of three years adverse possession and of certain of appellees' pleas of estoppel.

We affirm the judgment of the trial court in respect to his construction of the will thus making it unnecessary for us to pass on the remainder of the judgment.

Appellant is before this Court on three points of error, the first two, briefed together, are, one, the error of the court in finding and concluding that the testatrix, Mrs. Crotis Davis, in making her last Will and Testament used the term "heirs at law" as meaning "children," then secondly, the error of the court in failing to find that Mrs. Ruth Davis was, as a matter of law, an heir at law of her deceased husband, Mason Davis.

We overrule these points.

The abovementioned will of Crotis Davis was executed when she was a widow, dated January 21, 1933 and probated in the County Court of Williamson County, Texas, on October 15, 1935. Crotis Davis was born September 18, 1873 in Williamson County, Texas and was married only one time, and then to E. A. Davis, who died March 12, 1931. Crotis Davis had only one child, a son, Mason Davis, born to her as a result of said marriage. He was born October 20, 1897.

Mason Davis, the only child of Testatrix, was married three times. His first marriage was to Mamie Jewel Davis. Of this marriage, two children and only two children were born: Oletta Maydelle Davis Corabi, born May 30, 1918 and Geneva Lee Davis Keith, born April 13, 1925, both of whom are appellees in this law suit. No child or children were ever adopted by said Mason Davis.

Mamie Jewel Davis filed for a divorce against Mason Davis, and was granted a divorce September 18, 1930. About two months thereafter Mason Davis and Mamie Jewel Davis were remarried. No children were born of this marriage. Crotis Davis knew of the divorce when she executed the will in question.

In the year 1931, E. A. Davis, father of Mason Davis, husband of Crotis Davis died, intestate and Mason Davis inherited from him part of the land claimed by appellant in this law suit.

About two years later, Mamie Jewel Davis filed a second divorce petition against Mason Davis, and it was granted January 2, 1933. Crotis Davis knew about this divorce and the marital difficulty her son had been having with his wife.

On January 21, 1933 (19 days after Mamie Davis divorced Mason Davis) Mason Davis by deed conveyed property which he had inherited from his father, E. A. Davis

to his mother, Crotis Davis and, on the same date, Crotis Davis executed the Last Will and Testament involved in this law suit.

This will was prepared by J. C. Wallace, a country banker at Leander, Texas. J. C. Wallace was not an attorney. J. C. Wallace had known Crotis Davis and her son Mason Davis since 1922, and also knew Mrs. Corabi and Mrs. Keith from the time they were small children. The will, omitting the portions not applicable to this appeal, was as follows:

## "SECOND

I give to my son, Mason Davis, all of my estate, both real and personal during his life time. And at his death I give and bequeath the remaining part of my estate to his then living and surviving heirs at law, to share equal and alike, after all of his just debts have been paid.

## THIRD

I constitute and appoint my son, Mason Davis, sole executor of this my will and at his death I appoint his oldest living child as the executor or executrix as the case may be, of this will and I direct that no bond be required of them as such executors.

## FOURTH

It is understood and I hereby direct that none of my estate, consisting of real estate, shall be sold or mortgaged during the life of my son and after it has passed to his then living heirs at law until his youngest child has attained the age of twenty one years.

## FIFTH

It is my will that no other action shall be had in the County Court in the administration of my estate, than to prove and record this will and return an inventory, and appraisement of my estate and list of claims against me and at the death of my son the same procedure."

In the same year, on June 16, 1933, Mason Davis was married the third time to Ruth Davis, appellant in this case. No child or children were born to this marriage and none were ever adopted. The same year, that is, 1933, Mamie Jewel Davis was married to Albert Abrahams. Also in this year, Oletta Maydelle Davis was married.

On October 11, 1935, Crotis Davis died in Williamson County, Texas and thereafter her will was duly probated in Williamson County, Texas.

The son, Mason Davis, died on October 21, 1960 in Williamson County, Texas, leaving a will which was also probated in Williamson County, Texas, his widow, Ruth Davis, appellant herein, qualifying as Independent Executrix of his estate.

Appellant, Ruth Davis, a widow of Mason Davis, who was the beneficiary of the life estate under the will of Crotis Davis, contends that she is an "heir at law" of Mason Davis, and under the second paragraph of the will of Crotis Davis, entitled as such to a one-third share of the lands passing thereunder. Appellees' position is that Crotis Davis, Testatrix, did not intend to include the wife of her son, Mason Davis, in her will as an heir to share equally with the children of her son.

The following rule is stated in 79 A.L.R. 2d 1439: "In determining whether a spouse is entitled to take as an 'heir' under a gift to heirs in a will or trust deed, the courts are agreed that a question of construction is presented—a question which is to be resolved by ascertaining the intention of the maker of the instrument in question."

This rule continues as follows: "Where the will itself or other competent evidence discloses a special testatorial intention as to the matter in question, the courts have readily given effect to such intention, usually by way of excluding the spouse who is advanced as an heir."

In Texas, the rule is that in order to ascertain the intention of the testator ex-

pressed in a will, the language may be construed in connection with the surrounding facts and circumstances existing at the time the will was made. Hassell v. Frey, 131 Tex. 578, 117 S.W.2d 413. As stated by the Supreme Court in Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147:

> "The dominant factor running through all the rules announced or discussed relating to this question is that the intent of the testator as derived from the language used in the entire instrument, considered in connection with the relation and situation of the parties, will control." Citing cases.

■ The Court in *Hassell* also stated the rule to be that more latitude is permitted courts in the construction of a will to ascertain the Testator's intention than in the construction of a deed.

■ It is the position of the appellees in this case that the Testatrix, Crotis Davis, used the words "heirs at law" in her will as meaning children. In arriving at the intention of the grantor in a case such as this, the law admits extrinsic evidence as to the situation in which the Testator was placed, the state of her family, the state of her property and other circumstances relating to herself individually and to her affairs. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374 (1937).

■ The will was not drawn by an attorney. There is no indication here that the layman who drew the will or Crotis Davis had the proper understanding of the words "heirs at law" in a technical sense. At the time the will was made Crotis Davis had only one son, Mason Davis, who was then a single man having been through two divorce proceedings, and two grandchildren, daughters of the son by his previous marriage. On the same day the will was executed, the son, Mason Davis, conveyed the interest in the land inherited from his father to Crotis Davis. It would appear from such action that both mother and son intended to keep the property in the family of Crotis Davis. Further, it does not seem probable that in January of 1933, the time of executing her will, Crotis Davis, knowing her son was a single man, and knowing of the two divorces within the preceding years, would intend by the term "heirs at law" in her will to include a future wife, if any, of her son.

The will appoints the oldest child of Mason Davis executor or executrix and the youngest child of Mason Davis is referred to in the fourth paragraph.

Only a few cases have been considered by Texas courts involving the question of whether or not a spouse was an heir under the terms of a will or trust. One of the earliest is Peet v. Commerce & E.S. Ry. Co., 70 Tex. 522, 8 S.W. 203 (1888) in which the will of Testatrix bequeathed property to her husband for life with remainder to "my legal heirs." The Court states that it was not the intention of Testatrix to give the shares in controversy to her husband, in whole or in part, but to her relatives by blood, to her next of kin, and therefore the husband did not take as a "legal heir."

The case of Farrell v. Cogley, 146 S.W. 315, (Tex.Civ.App. San Antonio 1912, writ ref'd), is a will construction case in which Testator directed the residue of his estate under certain circumstances be distributed to his heirs at law according to the laws of descent and distribution, and left surviving him his brother. The brother died leaving a widow who claimed as the sole heir. The Court holds that the estate under the terms of the will never vested in the brother who survived, and that under the statutes of descent and distribution the persons who would take as his heirs at law would have been the brother, and the brother's descendants, if any, but the brother's widow would not be a descendant.

The case of O'Pry v. Bahr, 210 S.W.2d 471, (Tex.Civ.App. Galveston, 1948, no writ), construed a will in which Testator created a trust for his wife's benefit during her lifetime and giving the property remain-

ing at her death to his "heirs." The Testator had no children and the wife's daughter by a prior marriage made claim that her mother was an heir. Testator's kin were brothers and sisters and their descendants. The Court quoting from Peet v. Commerce authority and 44 Tex.Jur., p. 796 holds:

"The words, 'legal heirs,' if not otherwise controlled by the will, do not include the widower of a deceased wife; certainly no other construction is permissible where the estate devised to the heirs is only a remainder to be enjoyed by them after the widower's death. Nor do such words include the widow of a deceased husband, it having been held that where the Testator bequeathed the residue of his estate to his brother and, on the latter's death, to the 'legal heirs' of the Testator, the widow's brother was not entitled to take under the will."

The Court decreed that Testator intended to provide for his wife in other ways and to designate his own kin as his heirs at law. It is true that since the decision of the above case in 1948 the legislature in 1955 broadened the definition of "legal heirs" to include the surviving spouse, but as stated by the Court in Vaughn v. Vaughn, 161 Tex. 104, 337 S.W.2d 793, at p. 796 (1960):

"The ultimate question, therefore, is, not as to the meaning of any statute, but what was intended by the testator."

The trial court correctly construed the intent of the Testatrix in this case in using the words "heirs at law" to mean "children." This intent which we have discussed above we think is shown from the surrounding circumstances attending the execution of the will as well as from the contents of the will.

Appellant, stating that there was some difference of opinion among the decisions as to what constituted "heirs," contends that this uncertainty was laid to rest in 1955 by the legislature with the adoption of Section 3(o) Probate Code, V.A.T.S., which defines heirs as those persons, including the surviving spouse who are entitled under the statutes of descent and distribution to the estate of a decedent who dies intestate. That since this statute containing this broader definition of the word "heirs" has been made effective, subsequent to the execution of the will of Mrs. Crotis Davis, and necessarily subsequent to her death, and prior to the death of the life tenant, the definition of the word "heirs" should be applied by the Court to the class of persons who were entitled to take the remainder of the estate of Mrs. Crotis Davis at the death of the life tenant, Mason Davis. That under the provisions of the will of Mrs. Crotis Davis, the remainder of her estate was left at the death of her son to his "then living and surviving heirs at law. Appellant asks that she, along with the two children of Mason Davis be adjudged his "then living and surviving heirs at law" and that she be entitled to an undivided one-third interest in and to the remainder of the estate devised by the last will and testament of Mrs. Crotis Davis.

■ We do not agree with appellants here. We hold the law to be that the intent of the Testatrix as of the time the will was drawn, is the intent to be sought and applied, and that the law as it existed when the will was drawn, should be used in interpretation of the will. In the case of Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513, 86 A.L.R.2d 105 (Tex.Sup.1961), the issue before the Court was construction of a trust and whether or not an adopted child of one of the beneficiaries would come under its terms. The Court holds:

"Whether he [the adopted child] is entitled to an interest in the trust estates depends upon the intention of the settlors, and their intention *as it existed at the time the trusts were created is determinative. * * * It would be quite strange to ascertain that intention by looking to the provisions of statutes enacted after the trust instruments became effective* or considering changes in public

policy as reflected thereby." (Emphasis added.)

The law had changed since the trusts were drawn and petitioner was trying to determine the rights of the child by the later statute.

The judgment of the trial court is affirmed.

Affirmed.