Mrs. Thelma Power LANDRAM et al.,
Appellants,

v.

Grace M. POWER, a feme sole, Appellee.

No. 211.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 19, 1969.

Rehearing Denied Dec. 17, 1969.

See also Tex.Civ.App., 424 S.W.2d 24.

N. Wyatt Collier, Marion Sanford, Jr., Liddell, Dawson, Sapp & Zivley, Houston, for appellants.

Vernon J. Thrower, Crane, Keenan & Thrower, Houston, for appellee.

TUNKS, Chief Justice.

This is a suit for conversion. Its determination depends upon the construction of a will.

In June, 1944, John A. Power executed the will here in question. At that date he had a wife, Mary Elizabeth Power, and three children, Thelma Landram, John Gerald Power and Katherine Power Randle. That portion of John A. Power's will, the construction of which is in dispute, is in the following language:

"FIRST. It is my will and desire, and I hereby direct that my beloved wife, MARY ELIZABETH POWER, shall with the rights and authority below given, have all the estate of every description—real, personal or mixed—which I may own,—to be used, occupied, enjoyed, conveyed and expended during her life, as she may desire, and that upon her death, any of such estate then remaining, shall be divided among the persons following, share and share alike, to-wit:

Thelma Landrum

John Gerald Power

Katherine Power Randle

the said named persons being the children of said JOHN A. POWER and MARY ELIZABETH POWER; and in case any of said children should die before the death of my beloved wife, MARY ELIZABETH POWER, then the share which would have come to such child shall pass under the laws of descent and distribution to the heirs of such deceased child."

John A. Power died in July of 1955. The wife and the children named in the will survived him. The will was admitted to probate. Mary Elizabeth Power died testate on September 6, 1962. Mary Elizabeth Power's will was filed for probate and documents filed in connection with such proceeding established, for the purpose of this case, the fact that one-half of the property listed came from the estate of John A. Power, deceased.

John Gerald Power pre-deceased his mother, dying intestate on September 10, 1957. John Gerald Power was survived by his wife, Grace M. Power, and by three children of a former marriage. Those children are named John Gerald Power, Jr., Kathleen Power Childs and Robert Edward Power.

The surviving children of Mary Elizabeth Power, who are her daughters Thelma Power Landram and Katherine Power Randle, became co-executrices of her estate. On October 7, 1963, they distributed not only the bulk of Mary E. Power's estate but also the property remaining from the estate of John A. Power. The property was distributed one-third each to Thelma Power Landram and Katherine Power Randle and one-ninth each to the three children of the deceased John Gerald Power.

This suit was filed by Grace M. Power, surviving wife of John Gerald Power, against those to whom the property from the John A. Power estate remaining after the death of Mary Elizabeth Power was distributed. It is her contention that she was entitled, after the death of Mary Elizabeth Power, to a share of the remaining assets of the John A. Power estate. The trial court, after trial without a jury, sustained Grace M. Power's contention and rendered judgment for her in an amount represented by the cash value of one-ninth of the personalty remaining in the John A. Power estate and the cash value of a life estate in one-ninth of the realty so remaining in the estate of John A. Power at the date of the death of Mary Elizabeth Power. This

distribution to Grace M. Power was made in accordance with the terms of Art. 38(b) of the Texas Probate Code, V.A.T.S. which provides for such a distribution of the separate estate of a decedent spouse who leaves a surviving spouse and children. The former Art. 2571, V.A.T.S., which was in effect until January 1, 1956, when the Texas Probate Code became effective, made similar provisions for such distribution of the separate estate of a married person who died leaving a surviving spouse and children.

It was the contention of Grace M. Power in the trial court, and such contention is maintained here, that the word "heirs" as used in the will of John A. Power, include her as the surviving wife of John Gerald Power. The trial court sustained such contention. Findings of fact and conclusions of law were filed by which the trial judge found as a fact and concluded as a matter of law that the word "heirs" as used in the will of John A. Power included Grace M. Power, the surviving wife of John Gerald Power.

The defendants in the trial court have perfected appeal from the trial court's judgment.

The rule to be applied in the construction of a will is stated in Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 581, 57 A.L.R.2d 97, as follows:

> "The cardinal rule to be followed in construing a will is to seek and enforce the intention of the testator; and if the intention of the testator be not clearly expressed by the particular language used it may be found by looking to the provisions of the will as a whole and to the circumstances surrounding its execution. Darragh v. Barmore, Tex.Com. App., 242 S.W. 714."

The only other provisions in the will of John A. Power than that quoted above are provisions for the payment of the testator's debts and for the appointment of his wife as independent executrix. Nor is there

much, if anything, in the record by way of extrinsic evidence which helps in the construction of the questioned language. The will was drawn by a lawyer. Grace M. Power was not married to John Gerald Power at the date that the will was drawn. She and John Gerald Power were married in 1953 and had been married for almost two years at the time of the death of John A. Power. The bulk of the community estate of John A. Power and Mary Elizabeth Power at the date of John A. Power's death was made up of shares of corporate stock, government bonds and cash in banks. There were also a homestead, other real property and insurance policies. The estate was a substantial one.

█ In construing the legal effect of words used in a will consideration is given to the law in effect at the time of its execution. Davis v. Corabi, Tex.Civ.App., 421 S.W.2d 677, no writ hist. In Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513, 86 A.L.R.2d 105, it was held that the law in effect at the date of the execution of a trust instrument was controlling in the question of its construction. Other authority is to the effect that the law prevailing at the date of the testator's death should be considered. 57 Am.Jur.2d, Wills, Sec. 1021, p. 560. In this case it makes no difference whether the law in effect at the time of the execution of the will or that in effect at the time of the death of the testator is applied. Article 2571, mentioned above, was in effect at both dates and provided that in a situation where a married person died intestate leaving a surviving spouse and children, the surviving spouse should take one-third of his separate personal estate and a life estate in one-third of his separate realty, with the remainder to the children of the intestate or their descendants. Article 2578 provided that upon the death of a married person leaving a wife and children all of the decedent's interest in the community estate should pass to his children to the exclusion of his wife. Neither at the date of the execution by John A. Power of his will nor at the date

of his death was there any statutory definition of the word "heirs" in Texas. Section 3(o), Texas Probate Code, now defines the word "heirs" as included a surviving wife. This statute, however, did not become effective until January 1, 1956.

█ It is not only the statutory law, but also the case law, that is looked to in the construction of a will. 57 Am.Jur., Wills, Sec. 1021, p. 660. Those Texas cases passing upon the question of construction which we have here seem to have held that the word "heirs" as used in the wills being construed by them, did not include a surviving spouse. See Peet v. Commerce & E. S. Ry. Co., 70 Tex. 522, 8 S.W. 203; Hassell v. Frey, 131 Tex. 578, 117 S.W.2d 413; O'Pry v. Bahr, Tex.Civ.App., 210 S.W.2d 471, no writ hist.; Bradshaw v. Parkman, Tex. Civ.App., 254 S.W.2d 865, ref., n. r. e. Those cases have held that, under the records being considered, the testator did not intend to include a surviving spouse by the use of the word "heirs." In Federal Land Bank of Houston v. Little (Tex. Com.App., opinion adopted), 130 Tex. 173, 107 S.W.2d 374, 376, the Court said: "The word 'heir' or 'heirs' has often been construed to mean child or children. (Citing authorities). Indeed, the tendency of the decisions in this state has been to construe the word 'heirs' to mean children in order to avoid the enforcement of a rule which has been recognized but not regarded with favor." (The rule in Shelly's case).

█ It is necessary to determine the nature of the estates created by the will of John A. Powers. The estate created in Mary Elizabeth Power was a defeasible fee. The defeasance occurred when she died seized and possessed of some of the property which was passed to her by John A. Power's will. Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876. The estate created in John Gerald Power by John A. Power's will was a remainder defeasible on conditions subsequent. Though

it vested in John Gerald Power at the date of John A. Power's death it was subject to conditional defeasance either by his mother's disposition of all of the estate or by his death before his mother's death. The latter of these conditions having occurred, the estate that had vested in him was divested. Jones v. Walter (Tex.Sup. Ct.), 436 S.W.2d 130; Caples v. Ward, 107 Tex. 341, 179 S.W. 856. Thus, John Gerald Power did not die leaving the devised estate as his separate property so that Grace M. Power does not, and cannot, contend that she inherited her interest under the terms of Section 38(b) of the Texas Probate Code. It is, rather, her contention that she is a legatee and devisee under John A. Power's will—that the word "heirs" in that will includes her as the surviving spouse of John Gerald Power.

We have concluded that the opinion and holding of the Amarillo Court of Civil Appeals in Jones v. Walter, 423 S.W.2d 180 and the opinion and holding of the Texas Supreme Court in Jones v. Walter, 436 S. W.2d 130, affirming the Court of Civil Appeals, afford the best available authority for the construction of this will. The Jones v. Walter opinions were in an appeal from a suit to construe a will. There, as here, the testator's (H. J. Boisdorf) will gave his wife a defeasible fee in his share of the community. There, as here, the will in question provided that if any of the property remained at the death of the testator's wife, a portion of the remainder should go to a named individual, Helen Jones, who was a niece. There, as here, it was provided that if the remainderman, (Helen Jones) predeceased the testator's wife the interest that she would have taken should go to her "heirs." The language of that will which was comparable to the will of John A. Power is as follows:

"If any legatee or devisee named in subdivision (a) to (h), inclusive, be deceased, then the bequest or devise shall not lapse, but such interest shall be vested in the heirs of such decedent in accordance with the laws of descent and distribution."

In Jones v. Walter, as here, the remainderman survived the testator but died before the testator's wife and left a surviving spouse. A difference in the facts, which difference is not significant except in that it relates to the language of the Court's opinions, is that Helen Jones died testate leaving all of her property to her surviving spouse, Leslie E. Jones, whereas here, John Gerald Power died intestate.

Leslie E. Jones filed suit to construe the will of H. J. Boisdorf. The trial court held adversely to him. The Court of Civil Appeals affirmed saying in its opinion at p. 182 of 423 S.W.2d:

"* * * At the time of Genevieve's death, the remaining estate became vested in the heirs under the fourth and fifth paragraphs of the will. By the clear and unambiguous language of the last subparagraph of the fourth paragraph and paragraph five the contingent interest of Helen Jones, then deceased, vested in her heirs, Betty Jane Ries and Robert E. Jones upon the death of Genevieve Boisdorf. No interest in the Boisdorf estate passed under the will of Helen Jones to the appellant herein."

(Betty Jones Ries and Robert E. Jones were Helen Jones' children).

The Supreme Court affirmed the Court of Civil Appeals saying in its opinion at P. 133 of 436 S.W.2d:

"Helen W. Jones had a vested remainder subject to complete defeasance either by the exercise of the power of disposition or in the event of her death prior to that of Mrs. Boisdorf. The latter contingency having occurred, the interest that Helen W. Jones would otherwise have been entitled to receive passed not by her will but to her heirs under the will of H. J. Boisdorf.

"The judgment of the Court of Civil Appeals is affirmed."

**516**

It is true that the contention asserted by Leslie E. Jones was different from that asserted by Grace M. Power. Jones' contention was that the will of H. J. Boisdorf left Helen Jones an interest in a remainder which vested at the death of H. J. Boisdorf and was passed to him by Helen Jones' will. Grace M. Power contends that by the use of the word "heirs" J. A. Power intended to include her as a beneficiary of his will. It is also true that in Jones v. Walter neither the Court of Civil Appeals nor the Supreme Court discussed the question as to whether the word "heirs" as used in the Boisdorf will included the surviving spouse of the named remainderman. But those Courts' *holdings* that the *children* of Helen Jones took the property of the Boisdorf estate which she (Helen Jones) would have taken had she survived are clearly contrary to the contentions of Grace M. Power.

In 96 C.J.S. Wills § 1092, p. 777, it is said:

"The office of the court in an action for the construction of a will is twofold. It must interpret the document, and adjudicate its legal effect as interpreted. The court will decide the matters over which it has jurisdiction. Hence, the rights of parties as they are presently entitled to have them enforced will be considered. It is the duty of the court to construe a will in such manner as may be found to be correct and proper, and the court is not limited to the constructions contended for in the pleadings. * * *"

█ Thus we consider the holdings in Jones v. Walter, supra, authority for the proposition that Grace M. Power was not included as a beneficiary by the language of the J. A. Power will. This ruling makes it unnecessary to rule on the other points of error presented by appellants and upon the cross-point presented by appellee.

The trial court erred in construing the language of the J. A. Power will as including Grace M. Power as a beneficiary. The trial court's judgment is reversed and judgment here rendered that Grace M. Power take nothing in her suit for conversion against those to whom the remainder of the estate of John A. Power was distributed.