**TIPTON et al. v. TIPTON et al.**
(No. 1146–5101.)

Commission of Appeals of Texas, Section A. Jan. 23, 1929.

Flack & Flack, of Menard, and Mayer & Rowe, of Fort Worth, for plaintiffs in error.

Templeton, Brooks, Napier & Brown, of San Antonio, and A. P. C. Petsch, of Fredericksburg, for defendants in error.

NICKELS, J. H. M. Tipton (on the 15th day of August, 1914) executed his will including these items:

"I give and will to my beloved mother and father jointly during their natural lives, and during the life of the one surviving the following described property, situated in the City of Menard, County of Menard, and State of Texas, to-wit: All that part of Lots No. 1, 2 and 3 in Block No. 3 now owned by me in said City of Menard, same being on the south side of San Saba Avenue, together with the buildings and improvements therein situated, and together with all the rights, hereditaments and appurtenances thereto belonging, the said property hereby given to my said mother and father being the lots and portions of lots purchased by me from Lee L. Russell and John B. Callan and said lots and portions of lots being those upon which the business houses on the south side of San Saba Avenue now owned by me are situated. The said lots are fully described in deeds now of record in the office of the County Clerk of Menard County, Texas, from Lee L. Russell and John B. Callan to myself. Should there be any mistake made here in to the description of the lots by number, I declare it to be my in order to avoid any possible misunderstanding as to the property to be referred to herein, that I intend to give to my mother and father by this request and devise all the lots and portions of lots now owned by me in Block No. 3 in the City of Menard, Menard County, Texas, and on which the store buildings and business houses now owned by me are situated; It being my intention that my mother and father shall have and hold this property jointly during their natural lives and that in the event of the death of either of them, the one surviving shall have and hold the same during his or her natural life, and that the remainder estate in said property shall pass to and invest in my brothers and sister as hereinafter stipulated."

"It is my will and desire, and I hereby direct, that after the death of both my mother and father, that the lots and improvements thereon given to my mother and father in paragraph Second hereof pass to and vest in my brothers and sister, share and share alike; that is, that my brothers and sister shall each take an equal share therein, and in the event of the death of any one of my said brothers or my sister, that the ones surviving shall each take an equal share in said remainder estate and in said lots hereinabove referred to and described herein."

H. M. Tipton died May 15, 1915. His parents and four brothers and one sister were living at the time the will was executed and all survived him. One of the brothers (of whom defendants in error are heirs,) died prior to the death of either parent, and the question brought to the Supreme Court is whether an interest had become vested in that brother (in virtue of operation of those items of the will upon the facts) to be cast by descent to his children—heirs. The trial court held against such vestiture; the Court of Civil Appeals held the contrary and rendered judgment for defendants in error. 1 S.W.(2d) 485.

An estate to exist as long and only so long as either parent lived was carved out of the fee simple and vested in the parents (with cross-remainders as between them) by force and operation of item 2. About this there is no controversy.

"The remainder estate" (manifestly, balance of the estate), it is there declared, "shall pass to and invest in my brothers and sister," but "as hereinafter stipulated." The brothers and sister, it is observable, are not named, and the reference to "brothers" is to a class whose constituents must be identified extrinsically.

The relevant "stipulations" forecast in item 2 are to be found in item 4. Taken literally, those "stipulations" inhibit vesting (at death of testator) of immediate right of present enjoyment or a present right of future enjoyment (see Bufford v. Holliman, 10 Tex. 560, 60 Am. Dec. 223; Caples v. Ward, 107 Tex. 341, 179 S. W. 856; 4 Kent, 202), for in terms the event of "passage and investiture" of the so-called "remainder estate" itself is precluded until "after the death of" the latest surviving parent. A comparable expressed "stipulation" is not found in the wills interpreted in the cases cited. In the matter of Bufford v. Holliman, the testator had not in terms postponed vesting of right and title, and hence resort to implication was properly had. Caples v. Ward (as, also, in Moore v. Lyons, 25 Wend. [N. Y.] 119, cited in 4 Kent, 202, and in Bufford v. Holliman) had to do with a devise to one (identified) for life "with remainder over" to others (named) unaccompanied by a "stipulation" expressly suspending passage of estate.

And thus taken (i. e., literally), the devise according to its words is of such nature as that identification of the beneficiaries (i. e., "brothers") ex necessitate rei must occur at time fixed (at death of last survivor of parenthood) for vestiture of right and title. Since death of any one or more of the brothers might happen at any time, the constituents of the class as it might exist at the important time remained uncertain until that date should come.

In view of the language employed by the testator, there is, perhaps a misuse of terms in speaking of the devise as providing for a remainder in the brothers as distinguishable from an estate to commence in futuro or an executory devise; but, on the facts and as a practicable matter, that is not important. Treated as a "remainder," a contingent nature for the estate inheres in the fact that the members of the class of beneficiaries are to have equal portions, and the number of members (and their identities) cannot be ascertained until each parent shall have died. Caples v. Ward, supra; Heilman v. Heilman, 129 Ind. 59, 28 N. E. 310; Tiffany on Real Property, § 120; Gardner on Wills, Hornbook Series, pp. 508, 509.

Item 4 has indicia of intent in harmony with literalism of the devise. Absent contrary proof, it may safely be assumed that a testator has in mind "the actual enjoyment rather than the technical ownership of their property." McArthur v. Scott, 113 U. S. 340, 378, 5 S. Ct. 652, 660 (28 L. Ed. 1015). There is a provision for taking of "said remainder estate" in equal proportions "in the event of the death" of any of the "brothers." This, it seems to us, manifests a purpose to provide for actual enjoyment only by "brothers and sister," which purpose will be achieved by honor of the words as exactly used by the testator and defeated by an interpretation allowing nephews or nieces a portion.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.