**Stafford L. JONES, Appellant,**

v.

**PRESTON STATE BANK et al., Appellees.**

**No. 18383.**

Court of Civil Appeals of Texas, Dallas.

Sept. 26, 1974.

Rehearing Denied Oct. 24, 1974.

David M. Ivy, Bentley & Ivy, Dallas, for appellant.

Cooper Blankenship, Miller, Blankenship & Potts, Edward B. Winn, Lane, Savage, Counts & Winn, Kiel Boone, Boone & Pickering, Dallas, Don P. Teague, Lancaster, for appellees.

BATEMAN, Justice.

This case involves the construction of the wills of Joseph Carter Langran and his wife, Florence Parvin Langran. The appellant, for himself and as next friend of his father, asked the court to construe the wills in such manner as to give to them, as the surviving son and husband, respectively, of Faye Langran Jones, the interest left to her by the said wills. The appellee Preston State Bank is the named trustee under the wills. Jones appeals from an adverse judgment.

Florence Parvin Langran died on December 31, 1966, and her husband Joseph Carter Langran died on July 21, 1967. With minor exceptions, the trust provisions of both wills are identical, each establishing three different sets of life estates in the income of the trust with remainder over, as follows:

(1) Article IV Sec. 1: To the surviving spouse for life;

(2) Article IV Sec. 2, Subsections (a), (b), (c) and (d): To named persons related by the whole blood to the testator or testatrix, or to the surviving spouse of each such person, or to a nephew of one such person, until the death of the last survivor of such group;

(3) Article IV Sec. 2, Subsection (e): To six named persons related by the half-blood to Mr. Langran, one share being made "jointly" to two of the six, thus creating five shares.

Subsequent sections provide for termination of the trust and distribution of the corpus to several charitable, religious and educational institutions.

Joseph Carter Langran and his wife will be referred to jointly as testators herein, and the bequest of a life estate to each other will be ignored. The beneficiaries of the whole-blood will be referred to as the "first level" of life estates and the beneficiaries of the half-blood will be referred to as the "second level" of life estates.

Those constituting the first level of life estates entered into possession of the income of the trust upon the death of Joseph Carter Langran. They were Pearl Langran, Parvin Taylor and Earl Langran. The gifts of life estates to several others were properly considered as having lapsed because the beneficiaries had predeceased the testators. The last survivor of the beneficiaries of the first level was Earl Langran, who died on February 22, 1973, at which time the named beneficiaries constituting the second level, with the exception of Faye Langran Jones, who predeceased the said Earl Langran, came into possession of the income of the trust.

Appellees contend that since appellant's mother, Faye Langran Jones, a named beneficiary of the second level, died before the death of the last survivor of the beneficiaries of the first level, she was not a beneficiary under the wills and appellant acquired no rights in the income of the trust as her heir. Jones contends, on the other hand, that the legal effect of the words used in Article IV Sec. 2, Subsection (e), in which the beneficiaries of the second level were named, was to create a common-law survivorship among and between the named beneficiaries; that this was futile because common-law survivorships were abolished and prohibited by the statute, Tex.Prob.Code Ann. § 46, V.A.T.S. (Supp.1974).

That portion of the wills is as follows:

"(e) Upon the death of the last surviving beneficiary named in Sub-Sections (a), (b), (c) and (d), above, the part of the income formerly paid to the respective beneficiaries shall thereafter be paid by my trustees to Winnie Langran Mann, Faye Langran Jones, Gladys Langran Blackston, Fannye Belle Langran Bingham, and Loyce M. Langran and his wife, Erma Langran, share and share alike, and to the survivors of them, for and during their natural lives, provided, however, that the said Loyce M. Langran and his wife, Erma Langran, are together and jointly to receive but one share, to be paid to them jointly and to the survivor of them for and during his or her natural life. If none of the above named beneficiaries should survive to participate in this trust, or upon the death of the last survivor of them, all income thereafter accruing shall be treated as part of the corpus of this trust and be disposed of as hereinafter provided."

■ We do not agree with appellant's contention. The testators obviously intended that after the death of the last survivor of the beneficiaries of the first level, those named as beneficiaries of the second level, if still alive, should have the trust income for and during their natural lives, and that upon the death of the last of them to die, it should be added to the corpus of the trust and disposed of as· thereinafter provided. Appellant does not in fact question that this was their obvious intent. But, he says, they had no right thus to prevent him, as direct lineal descendant and heir of one of the named beneficiaries of the second level, from inheriting the share which his mother would have inherited if she had been alive when the beneficiaries of the second level came into possession. He argues that the testators were prohibited from doing so by the terms of Tex.Prob.

**32**

Code Ann. § 46 (Supp.1974), which provides:

> Where two (2) or more persons hold an estate, real, personal, or mixed, jointly, and one (1) joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained. Provided, however, that by an agreement in writing of joint owners of property the interest of any joint owner who dies may be made to survive to the surviving joint owner or joint owners, but no such agreement shall be inferred from the mere fact that the property is held in joint ownership.

A similar contention was made and rejected in Chandler v. Kountze, 130 S.W.2d 327, 329 (Tex.Civ.App.—Galveston 1939, writ ref'd), and in Shroff v. Deaton, 220 S.W.2d 489, 492 (Tex.Civ.App.—Texarkana 1949, no writ). As held in *Chandler* (and echoed in *Shroff*), all that Article 46 of the Probate Code does is to abolish joint tenancy (and its concomitant doctrine of survivorship) where it would otherwise have been created by law. There is nothing in the statute to justify a presumption of legislative intent to prohibit "the parties to a contract, a will, or a deed of conveyance, from providing among themselves that the property in question should pass to and vest in the survivor as at common law."

The rule is thus stated in 15 Tex.Jur.2d Cotenancy § 5, at 159 (1960):

> In order to create the right of survivorship in a cotenancy it is necessary only that there be an instrument in writing that clearly manifests the intention that the right of survivorship be created.

■ Moreover, since the interest of each of the beneficiaries of the second level was made contingent upon his or her survivorship, and since appellant's mother died prior to the death of the last survivor of the beneficiaries of the first level, she never became entitled to any income interest. Tipton v. Tipton, 12 S.W.2d 987 (Tex.Comm'n App.1929, opinion adopted). There was, therefore, no interest which she could have devised to appellant or which he could inherit from her. McHatton's Estate v. Peale's Estate, 248 S.W. 103, 106 (Tex.Civ.App.—El Paso 1923, writ ref'd).

Even if appellant's mother had survived the last surviving first level beneficiary, or in some other way had prior to her death become entitled to some portion of the trust income, her heirs, devisees, or representatives would not be entitled to share in the trust income following her death for the entire amount thereof would go to those of the second level of beneficiaries who survived her. Restatement (Second) of Trusts § 143, at 302 (1959).

The judgment of the trial court was correct, and it is therefore affirmed.

GUITTARD, J., not sitting.